## WESTERN UNION TELEGRAPH CO. v. PRESTON.

(Circuit Court of Appeals, Third Circuit. November 27, 1918.)

### No. 2396.

1. DEATH ⬡15—ACTION FOR WRONGFUL DEATH—PENNSYLVANIA STATUTE.
   Under Act Pa. April 15, 1851 (P. L. 674) § 19, and Act Pa. April 26, 1855 (P. L. 309), providing that, when no suit for damages is brought by the person injured during life, his widow may maintain an action for the death within one year thereafter, the widow may sue, although at the time of death decedent's right of action was barred by limitation.

2. DEATH ⬡11—ACTION FOR WRONGFUL DEATH—CONSTRUCTION OF STATUTES.
   Under statutes modeled upon Lord Campbell's Act, giving a right of action for wrongful death, such right of action is different from and independent of the right of action of the deceased for the injury, although the cause of action, which is the tort, is the same.

3. DEATH ⬡16—ACTION FOR WRONGFUL DEATH—REMOTENESS OF INJURY.
   That a person injured lived for 10 years after his injury does not, as matter of law, preclude recovery for his death.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Action at law by Mary E. Preston against the Western Union Telegraph Company. Judgment for plaintiff, and defendant brings error. Affirmed.

For opinion below, see 250 Fed. 480.

W. B. Linn, of Philadelphia, Pa., for plaintiff in error.

Hugh Roberts, of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

WOOLLEY, Circuit Judge. Preston, a telegraph lineman in the employ of the defendant below, was injured in September, 1905. He died in October, 1915.

---

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Preston brought no suit for damages during his life. His widow brought this action within one year after his death. She alleged, and the jury found, that her husband's injuries were due to negligence of the defendant and that his death was occasioned by the injuries he had sustained.

[1] The action is brought under statutes of the commonwealth of Pennsylvania, which read:

"Whenever death shall be occasioned by unlawful violence or negligence, *and no suit for damages be brought by the party injured during his or her life*, the widow of any such deceased, or if there be no widow, the personal representatives may maintain an action for and recover damages *for the death* thus occasioned." Act of April 15, 1851 (P. L. 674) § 19.

"The declaration shall state who are the parties entitled to such action; the action shall be brought within one year after the death, and not thereafter." Act of April 26, 1855 (P. L. 309).

Preston's right of action at the time of his death was barred by a statute of limitation.

We have been referred to no decision by a court of Pennsylvania construing the Act of April 15, 1851, with reference to a situation similar to the one presented by the facts in this case. Reluctant as we are to impose upon a state statute the interpretation of a Federal court, we find ourselves called upon nevertheless to construe the statute on which this action is based, in order to decide the first question raised by the defendant on this writ of error. This question is: Whether the statute affords a widow a right of action for the death of her husband occasioned by negligence, where, at the time of his death, his right of action for the same negligence was barred by a statute of limitation.

The evident purpose of the Pennsylvania statute, in giving a right of action after death occasioned by negligence, was to remove the hardship of the common-law rule—"actio personalis moritur cum persona." This rule was changed in England by the Act of 9 and 10 Vict. chapter 93, section 1, known as "Lord Campbell's Act," which gave such an action to certain designated persons injured by the death. The relevant parts of the act are set out in the margin.[1]

The distinguishing features of Lord Campbell's Act have been re-enacted by many states in statutes which preserve, though in varying forms of expression, its original purpose. Among the states that have used the English Act as a model in changing the common-law rule is the Commonwealth of Pennsylvania. Hill v. Penna. R. R.

---

[1] Section 1. " * * * That whensoever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof then, and in every such case, the person who would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, and, although the death shall have been caused under such circumstances as amount in law to felony."

Section 2 designates the person who may maintain the action.

Section 3. " * * * Provided, always, and be it enacted, that not more than one action shall lie for and in respect of the same subject matter of complaint; * * * and that every such action shall be commenced within twelve calendar months after the death of such deceased person."

Co., 178 Pa. 223, 231, 35 Atl. 997, 35 L. R. A. 196, 56 Am. St. Rep. 754.

Differences in the language of the American and English statutes have in many instances caused differences in their interpretation, not with reference to the main object of giving a new action after death, but with reference to the nature of the action and the circumstances under which it can be enforced.

[2] While at first there was much judicial dispute as to the precise, nature of the action conferred by Lord Campbell's Act and by American statutes modeled upon it—whether it was a new action or the continuance of the action of the person injured, whether it was cumulative upon the action of the person injured, thereby imposing a double liability in the sense of permitting double recoveries for the tort, whether the action was on the death or on the tort—the courts in England and America have now decided beyond profitable controversy that the new action given by such statutes is not a continuance of any right of action which the injured person would have had except for his death, but is "a new or independent cause of action," founded on a new grievance, and is awarded "for the purpose of compensating certain dependent members of the family (of the injured person) for the deprivation, pecuniarily, resulting to them from his wrongful death," Michigan Central R. R. Co. v. Vreeland, 227 U. S. 59, 69, 33 Sup. Ct. 192, 195 (57 L. Ed. 417, Ann. Cas. 1914C, 176); or, stated substantially in the language of the English decisions, the act does not transfer the right of action of the injured person to his widow or other designated person, but gives to such person a totally new right of action, on different principles, Blake v. Midland Ry. Co., 18 Q. B. 93, 109; Seward v. The Vera Cruz, 110 App. Cases, 59. While it is thus decided that the new action is for the death and is independent of the husband's common-law action for his injury, the courts have gone further and have decided with equal finality, that *the cause of action contemplated by the statute is the tort which produces death and not the death caused by the tort.*" Centofanti v. R. R. Co., 244 Pa. 255, 262, 90 Atl. 558, 561; Michigan Central R. R. Co. v. Vreeland, supra. In arriving at these decisions, we discern a clear distinction made by the courts between the *right of action* after death given by the statutes and the *cause of action* on which such right of action may be enforced. This distinction has, we believe, a controlling bearing on the question before us for decision.

Referring for convenience to the two rights of action respectively as the widow's right of action and the husband's right of action, it is now the law, that, although the widow's right of action is wholly independent of that of her husband, it is dependent on the original wrongful injury inflicted upon him. Both rights of action spring from the same tort, therefore the same tort is the cause of action for both. The tort being the basis of both actions, the courts have held with entire consistency that the widow's right to recover in her action for the wrong done her by occasioning her husband's death depends primarily on the liability of the wrongdoer to her husband for

the wrong done him. Liability for the tort is affected of course by the character of the tort, and it may even be destroyed by the injured husband in a way that will altogether deprive his widow of a cause of action to sue upon. The tort, as a cause of action enuring to the widow, is affected by considerations of the husband's assumption of risk and contributory negligence, and of negligence of a fellow servant. Liability for the tort may be released by the husband before its commission, as under a contract involving a release to a carrier from liability for future negligence of its servants, Perry v. P. W. & B. R. R., 24 Del. 399, 77 Atl. 725; and by his acceptance of a free pass similarly releasing liability, Northern Pacific Ry. Co. v. Adams, 192 U. S. 440, 24 Sup. Ct. 408, 48 L. Ed. 513, reversing C. C. A. Ninth Circuit, 116 Fed. 324, 54 C. C. A. 196. Liability for the tort may also be released by the husband after its commission by his acceptance of compensation for the injury he has sustained. Hill v. Penna. R. R. Co., 178 Pa. 223, 35 Atl. 997, 35 L. R. A. 196, 56 Am. St. Rep. 754.

If the wrongdoer has never been legally liable for the wrong or if he has in any way been acquitted of the wrong, then the tort is no longer a cause of action on which the widow can prosecute her statutory right of action, and this is for the reason that the widow succeeds to her husband's cause of action—the tort—with all its infirmities, those that are inherent, and those that have been imposed upon it by her husband.

What infirmity is there in the tort in this case, considered purely as a cause of action, that precludes the widow from asserting her right of action? The defendant says that the husband had lost his right of action on the tort prior to his death because of the bar of the Statute of Limitations, and for that reason the widow also has lost her right of action. But the Statute of Limitations operated against the husband's right of action, not against the tort, the cause of action. That admittedly stood unaffected by any act of his. When he died without suing, the husband left the tort just as it was when it was committed, though he left the wrong done him unredressed. But upon his death a new injury was occasioned by the same tort, this time to the widow. For redress of this injury, the statute gave her a new and altogether independent right of action, if the cause of action, the tort that occasioned the death, still existed. The question is, Did it still exist? We think it did. The husband had done nothing to it, and had done nothing that affected it; he simply permitted a statute of limitation to deprive *him* of *his* right to sue upon it. The statute that deprived him of his right of action was not applicable to the widow's right of action. Being inoperative against her, it deprived her of nothing. In this situation the husband died.

We are of opinion, that the right of action afforded the widow by the Pennsylvania statute, though dependent on the original wrongful injury to the husband, is not dependent by implication on her husband's right of action not being barred by a statute of limitation at the time of his death, and that, in consequence, the plaintiff in this case was not barred of her action. Opposed to this opinion, counsel for the defendant cited with confidence decisions of courts in a num-

ber of states in harmony with a view expressed by the Supreme Court of the United States with reference to the right of action afforded by various statutes modeled after Lord Campbell's Act, in Michigan Central R. R. Co. v. Vreeland, 227 U. S. 59, 70, 33 Sup. Ct. 192, 196 (57 L. Ed. 417, Ann. Cas. 1914C, 176), where the matter was not involved in the decision. It is as follows:

"But as the foundation of the right of action is the original wrongful injury to the decedent, it has been generally held that the *new action is a right dependent upon the existence of a right in the decedent immediately before his death to have maintained an action for his wrongful injury.* Tiffany, Death by Wrongful Act, § 124; Louisville, E. & St. L. R. R. Co. v. Clark, 152 U. S. 230 [14 Sup. Ct. 579, 38 L. Ed. 422]; Read v. G. E. Ry., L. R. 3 Q. B. 555; Hecht v. O. & M. Ry., 132 Indiana, 507 [32 N. E. 302]; Fowlkes v. Nashville & Decatur R. R. Co., 9 Heisk. [Tenn.] 829; Littlewood v. Mayor, 89 N. Y. 24 [42 Am. Dec. 271]; Southern Bell Tel. Co. v. Cassin, 111 Georgia, 575 [36 S. E. 881, 50 L. R. A. 694]."

This, indeed, is the general rule, but an examination of the statutes under which the cited decisions were made and the rule was announced shows that in each instance the statute was radically different from that of Pennsylvania in the important particular that the right of action given the widow by these statutes *is in terms made to depend upon* the existence of the husband's right of action at his death and upon his ability immediately theretofore to maintain his action. Some of these statutes are cited in the margin together with cases in which their interpretation was involved.[2]

Under statutes like these the courts have held with reason that the widow's right of action is made dependent on the husband's right of action and on his liability to *maintain an action* before his death, and that the test of his ability to maintain an action is that he shall be able to prevail over all defences which may be interposed to it, including, of course, the defence of the Statute of Limitations. But the Supreme Court of Pennsylvania, in discussing the statute now under consideration has said:

"The English statute is somewhat broader than ours, because it is not limited to cases in which an action had been brought by the injured party and he had died pending the action, nor yet to cases in which no action has been

---

[2] In Lord Campbell's Act, the condition which qualifies the new right of action is where "the act, neglect or default is such as would, if death had not ensued, *have entitled the party injured to maintain an action* and recover damages in respect thereof." Read v. G. E. Ry. Co., L. R. 3 Q. B. 555; Blake v. Midland Ry. Co., 18 Q. B. 93, 109; Seward v. The Vera Cruz, 10 App. Cases, 59.

By the Alabama statute it is provided that "a personal representative may maintain an action * * * for * * * negligence * * * whereby the death of his testator or intestate was caused, *if the testator or intestate could have maintained an action* for such wrongful act * * * if it had not caused death. * * *" Suell v. Derricott, 161 Ala. 259, 49 South. 895, 23 L. R. A. (N. S.) 996, 18 Ann. Cas. 636; Buckalew v. T. C. & T. Co., 112 Ala. 146, 20 South. 606; L. & N. R. R. Co. v. Robinson, 141 Ala. 325, 37 South. 431; Williams v. Ry. Co., 150 Ala. 324, 43 South. 576, 10 L. R. A. (N. S.) 413; Seaboard Air Line Ry. Co. v. Allen (C. C. A. 2d) 192 Fed. 480, 112 C. C. A. 642.

The New York statute provides that "the executor or administrator of a decedent who has left him or her surviving a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused, against a natural person

brought by the injured party in his lifetime, *and the remedy is given without qualification in all cases.*" Hill v. Penna. R. R. Co., 178 Pa. 223, 232, 35 Atl. 997, 999 (35 L. R. A. 196, 56 Am. St. Rep. 754).

This intimation of what would be the view of the Supreme Court of Pennsylvania were the precise question in this case before it, supports our construction, that the Pennsylvania statute does not make the widow's right of action dependent wholly on the husband's ability to maintain an action immediately before his death; but, on the contrary, it makes it (in terms) dependent only on the fact that his death was caused by the original wrongful act and on the fact that before his death he had brought no suit for damages, and (by implication, as in other statutes) on the liability of the wrongdoer for the tort. The statute imposes no other condition upon the widow's right to sue save that she bring her action within one year after her husband's death. As these are all the conditions imposed by the General Assembly of Pennsylvania, we feel that this court has no authority to impose additional or different ones. Louisville & St. L. R. R. v. Clarke, 152 U. S. 230, 238, 239, 14 Sup. Ct. 579, 38 L. Ed. 422.

We find no error in the ruling of the trial court sustaining the plaintiff's right of action.

The remaining matter assigned as error was the court's refusal to direct a verdict for the defendant. This assignment is based on two aspects of the case, as viewed by the defendant; one, that Preston's death was not caused by his injuries; the other, that his injuries were not occasioned by the defendant's negligence.

[3] With respect to the first, the defendant says it is obvious that Preston's death in 1915 cannot in any legal sense be traced to the accident in 1905, and maintains, accordingly, that the trial court erred in not declaring that conclusion as a matter of law. This contention rests on the principle, that the law, in its practical administration, regards only proximate or immediate and not remote causes, Railway Co. v. Calhoun, 213 U. S. 7, 29 Sup. Ct. 321, 53 L. Ed. 671, and that only an injury which is the natural and probable result of an act of negligence, as distinguished from an injury that could not have been

who *. * * would have been liable to an action in favor of the decedent by reason thereof if death had not ensued.*" Littlewood v. Mayor, 89 N. Y. 24, 42 Am. Dec. 271; Kelliher v. N. Y. C. & H. R. R. Co., 212 N. Y. 207, 210, 105 N. E. 824, L. R. A. 1915E, 1178.

The Indiana statute provides that "when the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, *if the former [the party injured] might have maintained an action,* had he lived, *against the latter* for an injury for the same act or omission." Jeffersonville R. R. v. Swayne's Adm'r, 26 Ind. 477; Pittsburgh, etc., Ry. v. Vining's Adm'r, 27 Ind. 513, 92 Am. Dec. 269; Hecht v. Ohio & Mississippi Ry. Co., 132 Ind. 507, 509, 32 N. E. 302.

The Tennessee Act provides that "the right of action, *which a person * * * whose death is caused by the wrongful act or omission of another, would have had against the wrongdoer in case death had not ensued,* shall not abate or be extinguished by his death, but shall pass to his personal representative for the benefit of his widow and next of kin." Fowlkes v. Nashville & Decatur R. R. Co., 56 Tenn. (9 Heisk.) 829, 830.

reasonably anticipated as the probable result, is actionable, Armour & Co. v. Harcrow, 217 Fed. 224, 227, 133 C. C. A. 218. Applying this principle to the case, the defendant urges that the span of ten years between the accident and death—a period of time, which, admittedly, is startling—shows that death which followed the injury was too remote to be its natural or probable consequence, and, therefore, there is in the case no evidence of proximate or immediate cause.

We also would apply this principle to the case, if, in the sequence of events between the injury and death, there had intervened nothing which indicated a proximate connection between the two. But the plaintiff produced evidence of Preston's condition throughout the period, showing that his ill health began with the injury and increased slowly but progressively until epilepsy developed and death ensued. This evidence, in amount and character, is quite sufficient, if believed, to show that Preston's death was due directly and proximately to his injuries.

The other question—whether there was sufficient evidence of negligence to submit to the jury—involves no question of law. It may be decided, therefore, without stating the case and discussing the evidence. We are of opinion that the evidence is sufficient to sustain the verdict, and find that the court did not err in submitting the case to the jury.

The judgment below is affirmed.