# CASES

## ARGUED AND DETERMINED

### IN THE

## UNITED STATES CIRCUIT COURTS OF APPEALS, THE DISTRICT COURTS, AND THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA

---

### SEABOARD AIR LINE RY. CO. v. OLIVER.

(Circuit Court of Appeals, Fifth Circuit. October 31, 1919.)

No. 3321.

DEATH ☞27—DEFENSES; RECOVERY BY EMPLOYÉ UNDER FEDERAL EMPLOYERS'
LIABILITY ACT BAR TO PERSONAL REPRESENTATIVE'S ACTION.

Under Employers' Liability Act April 22, 1908, § 1 (Comp. St. § 8657), making railroad carrier liable to an injured employé, or in case of death to his personal representatives, and section 9, as amended by Act April 5, 1910, § 2 (Comp. St. § 8665), providing that rights of action given to a person suffering injuries shall survive, and that in such case there shall be only one recovery for the same injury, the personal representative of an injured employé, who recovered judgment for his injuries, cannot recover for his death.

In Error to the District Court of the United States for the Southern District of Georgia; Beverly D. Evans, Judge.

Action by Edgar J. Oliver, administrator of Bud Hall, against the Seaboard Air Line Railway Company. There was a judgment for plaintiff (250 Fed. 652), and defendant brings error. Reversed.

Thomas F. Walsh, Jr., of Savannah, Ga., for plaintiff in error.
Francis M. Oliver, of Savannah, Ga., for defendant in error.

Before WALKER, Circuit Judge, and FOSTER and GRUBB, District Judges.

WALKER, Circuit Judge. This was an action under the federal Employers' Liability Act by the personal representative of Bud Hall, deceased. The right of the plaintiff (defendant in error here) to maintain the action was resisted on the ground that Bud Hall brought suit against the plaintiff in error for the damages sustained by him in consequence of the injury to which his death was attributed in the pending suit, and recovered judgment, which judgment has been satisfied by payment thereof. The court ruled against that defense.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
261 F.—1

So far as we are advised, the question whether the statute mentioned gives a deceased employé's personal representative the right to maintain an action when the employé himself has recovered for the injury he suffered has not heretofore been ruled on. It is not open to question that the statute provides for two distinct rights of action: One in the injured person for his personal loss and suffering, where the injuries are not immediately fatal; and the other in his personal representative for the pecuniary loss sustained by designated relatives, where the injuries immediately or ultimately result in death, the damages recoverable in the one case not being the same as those recoverable in the other. Michigan Central R. R. v. Vreeland, 227 U. S. 59, 33 Sup. Ct. 192, 57 L. Ed. 417, Ann. Cas. 1914C, 176; St. Louis & Iron Mountain Ry. v. Croft, 237 U. S. 648, 35 Sup. Ct. 704, 59 L. Ed. 1160.

Until the act of 1908 (35 Stat. 65, c. 149), was amended by the act of April 5, 1910 (36 Stat. 291, c. 143), the right of action given to the injured person was extinguished by his death. The act of 1908, with qualifications which need not now be mentioned, made a common carrier by railroad, while engaging in interstate commerce, "liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employé, to his or her personal representative, for the benefit of" designated relatives. The following is the section added by the amendment of 1910:

"Any right of action given by this act to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employé, and, if none, then of such employé's parents; and, if none, then of the next of kin dependent upon such employé, but in such cases there shall be only one recovery for the same injury."

The amendment does no more than provide for the survival of the employé's right of action if it remained in existence up to the time of his death, and that "in such cases"—that is, cases of survival of the employé's right of action—there shall be only one recovery for the same injury. If the employé had no right of action immediately before he died, his personal representative has no right of action other than such as was given by the act before it was amended. The section added by the amendment of 1910 is not applicable to such a case.

The first section of the act makes the carrier liable in damages to the injured employé, "or, in case of the death of such employé, to his or her personal representative, for the benefit," etc. The two distinct rights of action are given in the alternative or disjunctively. The language used indicates the absence of an intention to allow recoveries for the same wrong by both the injured employé and, in case of his death, by his personal representative; only one recovery being allowed when the injured employé dies without having enforced the right of action given to him. It seems to be a fair inference from that language that the right of action given to the injured employé's personal representative was intended to be unenforceable after the enforcement and satisfaction of the one given to the employé himself. From the

fact that one wrong gives rise to two or more rights of action, it does not follow that there can be more than one recovery based on that wrong. An intention to permit more than one recovery for an injury to an employé for which a statute gives a right of action to the employé, or, in case of his death, to his personal representative, is not to be inferred, in the absence of language evidencing such intention, where the wrong upon which the rights of action given are based is a tort, the inception and continued existence of which is dependent upon conduct of the employé at the time of, or subsequent to, the injury.

In this connection what was said in the opinion in the case of Western Union Telegraph Co. v. Preston, 254 Fed. 229, 165 C. C. A. 517, is pertinent. It was decided in that case that under a Pennsylvania statute providing that, when no suit for damages is brought by the person injured during life, his widow may maintain an action for the death within one year thereafter, the widow may sue, although at the time of death decedent's right of action was barred by limitation. The reasoning of the court indicates that the result would have been different if, instead of the decedent's right of action having been barred by limitation, it had been enforced by suit and recovery of judgment, which was satisfied. In connection with a reference to the case of Michigan Central R. R. Co. v. Vreeland, supra, the following was said in the opinion:

"While it is thus decided that the new action is for the death and is independent of the husband's common-law action for his injury, the courts have gone further, and have decided with equal finality, that 'the cause of action contemplated by the statute is the tort which produces death and not the death caused by the tort.' Centofanti v. Railroad Co., 244 Pa. 255, 262, 90 Atl. 558, 561; Michigan Central R. R. Co. v. Vreeland, supra. In arriving at these decisions, we discern a clear distinction made by the courts between the right of action after death given by the statutes and the cause of action on which such right of action may be enforced. This distinction has, we believe, a controlling bearing on the question before us for decision. Referring for convenience to the two rights of action respectively as the widow's right of action and the husband's right of action, it is now the law that, although the widow's right of action is wholly independent of that of her husband, it is dependent on the original wrongful injury inflicted upon him. Both rights of action spring from the same tort; therefore the same tort is the cause of action for both. The tort being the basis of both actions, the courts have held with entire consistency that the widow's right to recover in her action for the wrong done her by occasioning her husband's death depends primarily on the liability of the wrongdoer to her husband for the wrong done him. Liability for the tort is affected of course by the character of the tort, and it may even be destroyed by the injured husband in a way that will altogether deprive his widow of a cause of action to sue upon. The tort, as a cause of action enuring to the widow, is affected by considerations of the husband's assumption of risk and contributory negligence, and of negligence of a fellow servant. Liability for the tort may be released by the husband before its commission, as under a contract involving a release of a carrier from liability for future negligence of its servants (Perry v. P., W. & B. R. R., 24 Del. [1 Boyce] 399, 77 Atl. 725); and by his acceptance of a free pass similarly releasing liability (Northern Pacific Ry. Co. v. Adams, 192 U. S. 440, 24 Sup. Ct. 408, 48 L. Ed. 513, reversing C. C. A. Ninth Circuit, 116 Fed. 324, 54 C. C. A. 196). Liability for the tort may also be released by the husband after its commission by his acceptance of compensation for the injury he has sustained. Hill v. Penna. R. R. Co., 178 Pa. 223, 35 Atl. 997, 35 L. R. A. 196, 56 Am. St. Rep. 754. If the wrongdoer has never been

legally liable for the wrong, or if he has in any way been acquitted of the wrong, then the tort is no longer a cause of action on which the widow can prosecute her statutory right of action, and this is for the reason that the widow succeeds to her husband's cause of action—the tort—with all its infirmities, those that are inherent, and those that have been imposed upon it by her husband."

Nothing in the act now under consideration indicates an intention to make the injured employé's right or power to deal with his employer with reference to the wrong for which the latter is made liable any different from that usually possessed by the victim of a tort. Ordinary incidents of a right to recover damages for a tort are the powers of enforcing the tort-feasor's liability therefor by suit and of discharging all liability incurred for a consideration received. Can it properly be said that the act has the effect of depriving an injured employé of the benefit of getting what his employer may be willing to pay to obtain a discharge of all liability incurred? We think not. So long as the employé lives, he alone can sue for the tort. The act does not indicate a purpose to make the amount he may recover any less than it might have been if, in case of his death, no right of action had been given to his personal representative. The right of action conferred on him is not so restricted as to prevent his enforcing all liability the. employer is subjected to for the wrong done to the employé. So long as the injured employé survives, there is no limitation on his right to recover all that, in such a situation, is recoverable from the employer for the one tort committed. Language used in the first section of the act fairly negatives the conclusion that a deceased employé's personal representative is given the right to maintain an action on the tort against the deceased for which the latter sued and recovered during life. If, during the life of the injured employé, his employer's liability for the tort is extinguished by any occurrence ordinarily having that effect, the employé's personal representative has no right of action for the injury, as the single cause of action upon which a suit by him must be based has ceased to exist.

The federal Employers' Liability Act differs from Lord Campbell's Act, and other similar statutes, in that the former does not in terms make the personal representative's right to maintain an action dependent upon the existence of a right of action in the decedent immediately before he died. The defendant in error's lack of right to maintain his suit in such a situation as the one under consideration is due, not to the decedent's lack, immediately prior to his death, of an enforceable right of action for the injury he sustained, but to the fact that the cause of action counted on has been extinguished by payment of the judgment recovered by the decedent for the wrong he suffered.

In our opinion the court's above-mentioned ruling was erroneous. Because of that error the judgment is reversed.