EDWARD F. FLYNN, EXECUTOR, *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Third Judicial District, Bridgeport, October Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued November 1st, 1929—decided March 31st, 1930.

*William A. Bree* and *William F. Geenty,* for the appellant (plaintiff).

*Edward R. Brumley,* with whom was *Fleming James, Jr.,* for the appellee (defendant).

WHEELER, C. J. The complaint alleges that the defendant was on December 4th, 1923, a common carrier engaged in the business of transportation between States of the United States, that on this day its em-

ployee Edward L. Flynn was injured through defendant's negligence, to which he did not contribute, and in consequence died on September 1st, 1928, leaving surviving him his widow and five daughters, and that the plaintiff is the duly qualified executor under the will of the decedent.

The defendant demurred to the complaint which was dated May 15th, 1929, upon the principal ground, stated in several forms, that the injury to the decedent having occurred on December 4th, 1923, and death having occurred on September 1st, 1928, the plaintiff's action—which was brought to recover for pecuniary loss to the widow and children of the decedent under the Federal Employers' Liability Act of April 22d, 1908, Chapter 149, § 6, as amended by the Act of April 5th, 1910, Chapter 143—is barred, since by it no cause of action ever accrued to the plaintiff. The reasons of appeal pursued by the appellant involve the single question raised by the demurrer which we have stated.

The Act of 1908, which we set out in the footnote,

---

"Sec. 1. That every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia and any of the States or Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

"Sec. 2. That every common carrier by railroad in the Territories, the District of Columbia, the Panama Canal Zone, or other possessions of the United States shall be liable in damages to any person suffering injury while he is employed by such carrier in any of said

creates "two distinct and independent" causes of action against the carrier, one to the injured employee for the wrongful injury to him, the other in behalf of designated relatives for the pecuniary loss resulting to them by reason of the wrongful death. The latter action includes no damages which the decedent might have recovered had he survived, but only the pecuniary damages to the relatives caused by his death which "can be measured by some standard."

Each action rests upon "the common foundation of a wrongful injury," but each is governed by "altogether different principles." These have been so definitely determined by the Supreme Court of the United States that a reference to some of these decisions is all that is now required. *Michigan Central R. Co.* v. *Vreeland,* 227 U. S. 59, 65, 68, 70, 33 Sup. Ct. 192; *Mellon* v. *Goodyear,* 277 U. S. 335, 48 Sup. Ct. 541. We had a similar action under this Act before us in *Farley* v. *New York, N. H. & H. R. Co.,* 87 Conn. 328, 335, 87 Atl. 990. It was decided in July, 1913, while Mr. Justice Lurton's opinion in *Michigan Central R. Co.* v. *Vreeland, supra,* upon which we relied, was handed down in January, 1913.

Our opinion construes this Act as applied to the second of these causes of action in this manner: "The statute under which the action was brought, in so far as it provides for recovery for death, follows the lines of Lord Campbell's Act in England, and in its dis-

jurisdictions, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." 35 U. S. Stat. at Large, p. 65.

tinguishing features is identical with that Act. *Michigan Central R. Co.* v. *Vreeland*, . . . [*supra*]. It creates a right of action where there was none at common law, and one which is entirely independent of any which the deceased may have had in life and which comes originally to the personal representative by the operation of the statute, and not by the process of survival. It is one for the exclusive benefit of certain specified persons, and the damages recoverable are such as result to them by reason of their having been deprived through the wrongful death of the deceased of a reasonable expectation of pecuniary benefits attendant upon his continuance in life." The action in behalf of the beneficiaries cannot be maintained unless the decedent immediately before his death could have maintained his action for injuries suffered by the negligence of the defendant, since the foundation of this action is the existence of this injury. The authorities generally, as well as in this jurisdiction, so hold. *Michigan Central R. Co.* v. *Vreeland, supra,* at page 70, 33 Sup. Ct. 192; *Mellon* v. *Goodyear,* 277 U. S. 335, 341, 48 Sup. Ct. 541, and cases cited in each opinion; *Kling* v. *Torello,* 87 Conn. 301, 87 Atl. 987.

It follows from this that a settlement of the claim of the injured person for his wrongful injury, in the absence of fraud or mistake, will bar an action in behalf of his relatives under this statute for his death. The Supreme Court reiterated its previously expressed view upon this point in these words: "By the overwhelming weight of judicial authority, where a statute of the nature of Lord Campbell's Act in effect gives a right to recover damages for the benefit of dependents, the remedy depends upon the existence in the decedent at the time of his death of a right of action to recover for such injury. A settlement by the wrongdoer with the injured person, in the absence of fraud or mistake,

precludes any remedy by the personal representative based upon the same wrongful act. . . . The cases supporting this view, from courts of last resort in twenty-one States, Canada and England, are collected in a note following the first opinion of the Supreme Court of Kansas in the present cause, reported in 39 A. L. R. 579." *Mellon* v. *Goodyear*, 277 U. S. 335, at page 344, 48 Sup. Ct. 541. The same rule, under this Act, is applicable in case the decedent in his lifetime has recovered judgment for his injury and received satisfaction thereof. *Seaboard Air Line Ry. Co.* v. *Oliver*, 261 Fed. 1.

"Nothing is better settled than that at common law the right of action for an injury to the person is extinguished by the death of the party injured." *Michigan Central R. Co.* v. *Vreeland*, 227 U. S. 59, at page 67, 33 Sup. Ct. 192. It was also held in this case that the Act of 1908 did not provide for a survival of a right of action but that this was extinguished by death. The Act was amended April 5th, 1910 (36 U. S. Stat. at Large, p. 291, Chap. 143), by adding to it § 9: "That any right of action given by this Act to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee, and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, but in such cases there shall be only one recovery for the same injury."

No change was made by the amendment in § 1 of the 1908 Act which we quote in the footnote. The amendment was construed in *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Craft*, 237 U. S. 648, 657, 658, 35 Sup. Ct. 704. It is there said: "It continues, as before, to provide for two distinct rights of action; . . . Without abrogating or entailing either right, the new

section provides in exact words that the right given to the injured person 'shall survive' to his personal representative 'for the benefit of' the same relatives in whose behalf the other right is given."

The first section of Chapter 143 of the amending Act of 1910 (36 U. S. Stat. at Large, p. 291) in part provides: "No action shall be maintained under this Act unless commenced within two years from the day the cause of action accrued." Each of the actions authorized by this chapter was thereafter barred unless brought within two years from "the day the cause of action accrued." The plaintiff, unless barred by this statute, could have brought in behalf of the designated relatives his action for the injury to the decedent, and that for the pecuniary loss suffered by his death, for the decedent would have had his right of action for his own injuries immediately prior to his death. In *Rodgers* v. *Pennsylvania R. Co.*, 19 Fed. (2d) 522, the decedent was injured November 10th, 1922, while in defendant's employ. On February 4th, 1925, more than two years after the accident, the decedent died without any action having been instituted upon his behalf. On December 2d, 1926, an action was brought by the administratrix of the deceased under this Act to recover for the injuries to the decedent and for the pecuniary loss to the relatives by reason of the death of the decedent. It was held that the right of action of the representative was barred where the decedent lived more than two years after his injury and brought no action for his own injury in his lifetime.

The Act of 1910 in terms covers both of the actions authorized under § 1 of the Act of 1908, and since the decedent did not bring his action for his own injury within two years from the occurrence of the accident, the right of his representative to bring his action is

barred. This conclusion, we recognize, conflicts with a statement found in the opinion in *Seaboard Air Line Ry. Co.* v. *Oliver* (C.C.A.) 261 Fed. 1, at page 2.

The new right of action given the representative of the designated relatives to recover for the pecuniary loss to them through the death of the decedent is, as we have stated, "dependent upon the existence of a right in the decedent immediately before his death to have maintained an action for his wrongful injury." *Michigan Central R. Co.* v. *Vreeland,* 227 U. S. 59, at page 70, 33 Sup. Ct. 192. This is the rule under Lord Campbell's Act; the Federal Employers' Act is essentially identical with that. The cause of action for death arises upon the occurrence of the death, but if the decedent's right of action for his wrongful injury has ceased to exist it would be as defendant insists anomalous to hold that the right of action for the wrong to the beneficiaries arising out of the wrongful injury to the decedent is enforceable. We discover no distinction between a judgment, or a settlement obtained by the decedent, and the lapse of the statutory period, in barring the maintenance of an action under this Act.

There is no error.

In this opinion the other judges concurred.