## BERRY v. FRANKLIN PLATE GLASS CORPORATION.

Civ. A. No. 5035.

District Court, W. D. Pennsylvania.

June 11, 1946.

864

John D. Meyer, of Pittsburgh, Pa., and Sidney S. Levine, of New York City, for plaintiff.

John M. Reed, of Pittsburgh, Pa., for defendant.

GOURLEY, District Judge.

This case comes before the Court on defendant's motion to dismiss the complaint for the reason that the complaint fails to set forth a cause of action against the defendant upon which relief can be granted.

This action is filed by Ida Berry, individually and as administratrix of the goods, chattels and credits of Olivia Marshall, deceased, against the Franklin Plate Glass Corporation.

It is set forth, inter alia, that during the year 1932, the defendant became the owner of a manufacturing plant within the jurisdiction of this Court and, in connection therewith, engaged in the manufacture of plate glass. That in connection with the furtherance of said business, the defendant in the year 1932, and during the whole of the period set forth in the complaint which gives rise to the alleged cause of action, discharged silica and waste from said plant in a careless, reckless and negligent manner. In addition thereto, the defendant caused the silica and waste to be stored or placed in high piles and banks within 700 feet of the residence of Olivia Marshall, unprotected from the weather and natural elements in the vicinity.

That during the period beginning in 1932, and for many years prior to said year, and to April 1939, the deceased, Olivia Marshall, resided in one of the dwellings which was located within the distance of 700 feet of the location of the plant of the defendant company and where the silica and waste were deposited. Between the years 1932 and April of 1939, the deceased, Olivia Marshall, not knowing the poisonous and obnoxious ingredients of said silica, which permeated the air in the vicinity of her home, was compelled to daily inhale great quantities of said silica. As a result of this condition, the respiratory system of the deceased was injured which caused her to permanently abandon her home in April of 1939, at which time she established a residence in the City of New York. The deceased continued to reside in the City of New York with her sister, Ida Berry, from April of 1939 until November 19, 1944, at which time it is claimed that as a result of infection of the throat, lungs and respiratory system of the deceased, said conditions progressed to the extent that it resulted in the death of Olivia Marshall on November 19, 1944.

Ida Berry instituted this action against the Franklin Plate Glass Corporation, in which a right of recovery is claimed individually and as administratrix of the estate of her sister, Olivia Marshall. Said cause of action was filed on October 2, 1945, and prior to the filing of an answer, the defendant filed its motion to dismiss the complaint in which it is claimed that the complaint fails to state a claim against the

defendant upon which relief can be granted for the following reasons:

1. The complaint shows that the claim was barred by the statute of limitations of two years of the State of Pennsylvania in such cases made and provided by reason of the fact that it appears that the last exposure of decedent to the alleged silica and waste was not later than April, 1939, and the complaint was not filed until October 2, 1945.

2. The complaint does not show a cause of action in Ida Berry individually.

3. The complaint does not show any damages sustained by Ida Berry individually.

4. The complaint does not set forth any damages sustained for which Ida Berry, administratrix, is entitled to maintain an action.

There are three questions before the Court for consideration:

1. Under the Federal Rules of Civil Procedure, 28 U.SC.A. following section 723c, is it permissible to raise the question of the statute of limitations by a motion to dismiss?

2. Is the Federal Court bound to follow the construction placed by the Supreme Court of the Commonwealth of Pennsylvania upon the laws of the Commonwealth?

3. Under the laws of the Commonwealth of Pennsylvania, does the plaintiff in either her individual or administrative capacity have a right of action against the defendant?

In connection with the pleading of the statute of limitations and the motion to dismiss, Rule 9(f) of the Federal Rules of Civil Procedure provides: "(f) Time and Place. For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter."

Rule 8(c) of the Federal Rules of Civil Procedure provides, inter alia, that in pleading to a preceding pleading, a party shall set forth affirmatively the statute of limitations if it constitutes an affirmative defense and has application to the facts at issue.

It has been held by this Court that where the allegations of time and place are averred in a pleading, whether a claim is barred by the statute of limitations may be determined by a motion to dismiss. Hartford-Empire Co. v. Glenshaw Glass Co., D.C., 47 F.Supp. 711.

It has also been held by the Supreme Court of the United States in the case of Flynn, Executor, v. New York, New Haven, & Hartford R. Co., reported in 283 U.S. 53, 51 S.Ct. 357, 75 L.Ed. 837, 72 A. L.R. 1311, that the Employers' Liability Act gives a right of action to the employee, or, in case of his death, to his personal representative for the benefit of the widow and children, and provides that no action shall be maintained unless commenced within two years from the day the cause of action accrued, and the right of a representative of an estate is derivative. As a result thereof, the right of action depends upon the continuance of a right in the injured employee at the time of his death, so if the right of the employee was extinguished before he died, by the lapse of the prescribed period, there was no right in his executor, on behalf of his widow and children.

It, therefore, appears that the decision of the Circuit Court, upon which absolute reliance has been placed by the plaintiff, has been overruled by the Supreme Court of the United States. However, it is necessary for the Court to first decide whether the interpretations of the Acts of Assembly should be made by this Court or if we are bound by the interpretations made by the courts of the Commonwealth of Pennsylvania.

It, therefore, is the opinion of the Court that the matters presented in the motion for dismissal are properly before the Court.

It is contended by counsel for the plaintiff that the complaint filed by the plaintiff, in both an individual and administrative capacity, is in accordance with the provisions of the law in the Commonwealth of Pennsylvania, and that the Court has jurisdiction of the cause of action by virtue of a decision of the Circuit Court in this District, in the case of Western Union Telegraph Co. v. Preston, 3 Cir., 254 F. 229.

The defendant contends that the cause of action filed by the plaintiff, in both her individual and administrative capacity, is barred by the statute of limitations and that no right of recovery, therefore, exists.

It is true that the Circuit Court in this District in the case of Western Union Telegraph Co. v. Preston, 3 Cir., 254 F. 229, held that the statute of limitations in a death case runs from the time of death and not from the date of the original tort which resulted in the decedent's death. It further appears that at the time this decision was filed by the Circuit Court, the question as to when the statute of limitations in a death case commences to run had never been interpreted by the Supreme Court in this Commonwealth. It further appears that said question had not been decided by the Supreme Court of the United States at the time the interpretation was made by the Circuit Court of Appeals in this District. However, this question has been presented to the Supreme Court of the United States, both as a general proposition of law and in an interpretation of a similar federal statute under the Merchant Marine Act, 46 U.S.C.A. § 861 et seq. as supplemented by the Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

In the case of Engel v. Davenport et al., 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813, it was held, inter alia, that a provision which provides that no action shall be maintained unless commenced within two years from the day the cause of action accrued, is one of substantive right, both setting a limit and necessarily implying that the action may be maintained, as a substantive right, within a period of two years.

The plaintiff has filed her cause of action in the District Court solely on the basis of diversity if citizenship, and the alleged right of recovery is not derived in any respect by virtue of any laws of the United States, said right of recovery; if any, being based on the laws of the Commonwealth of Pennsylvania. A question, therefore, arises whether or not a statute of limitations concerns merely the manner and the means by which a right to recovery, as recognized by the State, is enforced, or whether such statutory limitation is a matter of substance in the aspect that alone is relevant to the problem, namely, does it significantly affect the result of litigation for a Federal Court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a state court.

Conventional conflict of laws' characterization of matters as "procedural" or substantive" has little, if any, bearing upon whether a federal court in a diversity of citizenship suit is or is not to apply state law in cases where there is no applicable Federal Rule of Civil Procedure. In such cases it is more important and desirable for federal courts to achieve uniformity with State administration of state law. Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645, 144 A.L.R. 719; Stoner v. New York Life Insurance Co., 311 U.S. 464, 61 S.Ct. 336, 85 L.Ed. 284.

It appears to me that it would be a mischievous practice to disregard state statutes of limitations whenever federal courts think that the result of adopting them may be inequitable. Such procedure would promote the choice of the United States rather than of state courts in order to gain the advantage of different laws. In other words, in all cases where the federal court is exercising jurisdiction solely because of the diversity of the citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a state court.

As the matter intimately affects recovery or non-recovery, a federal court in a diversity case must follow the State law since it is more important than desirable for federal courts to achieve uniformity with state administration of State law. This objective cannot be achieved if the federal court is free to make determinations independent of state law, where freedom will, almost as a matter of law, yield a result substantially different from that which would have been obtained in the state where the federal court sits. For example, if the federal court and the state court would be situate in adjoining buildings, and the action would have been filed in the state court, one rule of law would have application; while if the party litigant

filed his action in the federal court, another rule of law would have application. The critical test, therefore, is whether an important difference in result will be made possible if state law is not applied. If a different result would arise under the same facts and circumstances, the state law should control.

I believe that the former decision of the Circuit Court in this District is not sound law, and that the Circuit Court specifically overruled in the case of Overfield v. Pennroad Corp., 3 Cir., 146 F.2d 889, the proposition of law formerly enunciated in the case of Western Union Telegraph Co. v. Preston, 3 Cir., 254 F. 229.

Our Circuit Court held, inter alia, that a cause of action becomes cognizable in a Federal Court sitting in Pennsylvania because it would be likewise cognizable in a court in the State of Pennsylvania. However, the Federal Court is not to be relieved of the interpretation which the Pennsylvania Court would be bound to make if pleaded, since a right under Pennsylvania law would then be accorded to Federal Court litigants which they would not enjoy in a court of the State.

In the case of McClaskey v. Harbison-Walker Refractories Co., 3 Cir., 138 F.2d 493, which was also a decision in the Circuit Court of this jurisdiction, the Court held that the decisions of the Supreme Court of Pennsylvania, upon questions of construction of the Constitution of Pennsylvania and of Pennsylvania statutes, is binding upon the Federal Court in determining rights accruing under Pennsylvania law. It is only when no alternative determination of questions involving the construction of Pennsylvania statutes have been made by the Supreme Court of Pennsylvania, or by any other appellate tribunal and the trial courts are in disagreement, does the Federal Court determine what construction should be placed on the interpretation of a statute.

 This construction was also made by the Supreme Court of the United States in the case of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, in which the Court held, inter alia, that a federal court exercising jurisdiction over a case solely on the ground of diversity of citizenship is not free to treat this question as one of so-called "general law", but must apply the state law as declared by the highest state court. That except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State. And whether the law of the State shall be declared by its legislature in a statute or by its highest court in a decision is not a matter of federal concern.

A similar question also arose in the Supreme Court of the United States in the case of Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, in which the opinion of the Court in the case of Erie R. Co. v. Tompkins was re-affirmed and in which the Court held that a suit in equity in a Federal Court to recover upon a state created right, jurisdiction being based upon diversity of the citizenship of the parties, a recovery cannot be had if the statute of limitations would have barred the recovery had the suit been brought in a court of the state.

 It, therefore, appears to this Court that we are bound to follow the interpretation which has been placed on the Acts of Assembly, which give rise to the alleged right of recovery in the instant case and due deference to the state law, as declared by the highest court of this state, will govern.

It is now necessary to consider the various Acts of Assembly of the Commonwealth of Pennsylvania which give rise to the causes of action which have been filed in the instant case.

The Act of March 27, 1713, P.L. 76, 12 P.S. § 31, provides for the right of an injured party to a cause of action for personal injuries, and limited the time to bring suit to within two years next after the cause of such action or suit arose and not thereafter. Said Act of Assembly was amended by the Act of June 24, 1895, P.L. 236, § 2, 12 Purdon's Penna. Statutes Annotated, Section 34, in which it is provided as follows: "Every suit hereafter brought to recover damages for injury wrongfully done to the person, in cases where the injury does not result in death, must be brought within two years from the time

when the injury was done and not afterwards; in cases where the injury does result in death, the limitation of action shall remain as now established by law."

■ Under the Act of April 26, 1855, P.L. 309, Section 2, 12 Purdon's Penna. Statutes Annotated, Section 1603, it is provided that where a person dies as a result of an injury, the declaration or complaint shall set forth or state who the parties are that are entitled to recover damages as a result of said accident; and said action shall be brought within one year after the death of said person who was injured, and not thereafter. Where death occurs as a result of personal injuries, and an action is not brought during the lifetime of the person injured, two separate actions may be brought after death for the recovery of damages, subject to the limitations set forth in the Acts of Assembly hereinabove referred to.

Under the provisions of the Act of April 15, 1851, P.L. 669, § 19, 12 P.S. § 1601, and the Act of April 26, 1855, P.L. 309, as amended by the Act of June 7, 1911, P.L. 678, § 1, as amended by the Act of April 1, 1937, P.L. 196, § 1, 12 Purdon's Penna. Statutes Annotated, Section 1602, it is provided as follows: "The persons entitled to recover damages for any injuries causing death shall be the husband, widow, children, or parents of the deceased, and no other relatives; and that such husband, widow, children, or parents of the deceased shall be entitled to recover, whether he, she, or they be citizens or residents of the Commonwealth of Pennsylvania, or citizens or residents of any other state or place subject to the jurisdiction of the United States, or of any foreign country, or subjects of any foreign potentate; and the sum recovered shall go to them in the proportion they would take his or her personal estate in case of intestacy, and that without liability to creditors under the laws of this Commonwealth. If none of the above relatives are left to survive the decedent, then the personal representative shall be entitled to recover damages for reasonable hospital, nursing, medical, funeral expenses, and expenses of administration necessitated by reason of injuries causing death."

Under the provisions of the Act of July 2, 1937, P.L. 2755, § 2, 20 Purdon's Penna. Statutes Annotated, § 772, it is provided as follows:

"Executors or administrators shall have power, either alone or jointly with other plaintiffs, to commence and prosecute all actions for mesne profits or for trespass to real property, and all personal actions which the decedent whom they represent might have commenced and prosecuted, except actions for slander and for libels; and they shall be liable to be sued, either alone or jointly with other defendants, in any such action, except as aforesaid, which might have been maintained against such decedent if he had lived.

"All such rights of action which were not barred by the statutes of limitation at the time of the death of decedent may be brought against the executors or administrators at any time within one year after the death of the decedent, notwithstanding the provisions of any statutes of limitations whereby they would have been sooner barred."

The last two Acts of Assembly just cited were construed by the Supreme Court of the State of Pennsylvania in the case of Pezzulli v. D'Ambrosia, 344 Pa. 643, 26 A. 2d 659, in which the Court held, inter alia, as follows: If a suit for personal injuries is not brought during the lifetime of the person injured, two actions may be brought after the death of said person for the recovery of damages; one for the recovery of damages under the Act of April 15, 1851, P.L. 669, § 19, and the Act of April 26, 1855, P.L. 309, as amended by the Act of June 7, 1911, P.L. 678, § 1, as amended by the Act of April 1, 1937, P.L. 196, § 1, and the other under Act of July 2, 1937, P.L. 2755, § 2.

■ Such actions are entirely dissimilar in nature. The one represents a cause of action unknown to the common law, and is for the benefit of certain enumerated relatives of the person killed by another's negligence, or if no relatives are left to survive as set forth in the Act of Assembly, the right of action accrues to the representative of the estate for certain expenses incurred as a result of the injury which re-

sulted in death. The other is not a new cause of action at all but merely gives to the personal representative of the deceased the right of action which accrued to the deceased at common law because of the tort or injury., These actions are cumulative and not authoritative, and it is, therefore, important that the two actions, the one under the death statutes and the other under the survival statutes, should not overlap or result in the duplication of damages and thereby compel a tort-feasor to pay more than the maximum damage caused by his negligent act.

■ In connection with the Acts of Assembly above cited which refer to the statute of limitations where a person is injured through the contraction of a disease, such as silicosis, as a result or failure of a person in the manufacturing of goods to personally maintain premises in such a manner as to not cause injury to individuals residing near to said premises, it has been held that the cause of action commences to run from the time that the individual last experienced or was subject to the elements which caused the disease that brought about death. Plazak, Appellant, v. Allegheny Steel Co., 324 Pa. 422, 188 A. 130.

■ In view of the authority just cited and construing the complaint in the instant case in a manner most favorable to the plaintiff, the deceased was last subject to the elements, which caused the disease and subsequent death, on April 30, 1939. It was, therefore, necessary that a cause of action be filed by her for the negligent acts complained of within two years and not thereafter from said date. In addition thereto, the Supreme Court of the State of Pennsylvania in the case of Howard, Appellant, v. Bell Telephone Co., 306 Pa. 518, 160 A. 613, held that where death occurs as a result of personal injury sustained through the negligence of another, and an action is filed in behalf of the heirs who are entitled to maintain an action, or by the Administrator for expense incurred as a result thereof, said rights of action are derived from or dependent upon the existence of a right of action in the person who was injured at the time of his death. The cause of action contemplated by the statutes is the tort, the unlawful violence or negligence, and not the death caused by the tort. To construe said statutes in any other manner would give to the heirs or the administrator a greater right than the injured person would have had if said person would have been living.

■ It has further been held by the Supreme Court of Pennsylvania in the case of McFadden, Appellant, v. May, 325 Pa. 145, 189 A. 483, that where an action is filed by the heirs of a deceased person who died as a result of the negligence of another, or by the administrator for expenses incurred, in such an action the defendant may interpose any defenses which were available against the deceased person who died as a result of the alleged negligence of the defendant.

■ It, therefore, appears that the defense interposed in the motion to dismiss under the statute of limitations is proper, and since the cause of action of the deceased came into existence on April 30, 1939, and the complaint was not filed until October 2, 1945, under the decisions of the Supreme Court of the Commonwealth of Pennsylvania, said cause of action is barred by the statute of limitations.

In view of the decisions of the Circuit Court of Appeals in this District and the Supreme Court of the United States that it is necessary for the federal court to accept the interpretations ascribed to state laws by the courts in the State where the cause of action arises, and to have uniformity exist as to causes of action under circumstances such as exist in this case, whether the action be filed in the state court or the federal court, the motion of the defendant to dismiss the complaint is sustained.

An appropriate order will be filed with this opinion.