[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JULY 2, 1996
FACTS
This is an action brought by the plaintiff, Kathleen Medeiros, executor of the estate of John B. Medeiros (decedent). to recover damages against the defendants, the Federal Paper Board Company, Inc. (Federal) and John Gosselin, for the decedent's death. The plaintiff commenced this action by complaint filed November 13, 1995, alleging that the decedent was employed as a licensed pipefitter by a company named Metal Specialties, but worked directly under the supervision of Federal's employees, including Gosselin. The plaintiff further alleges that on March 1, 1995, the decedent was assigned the task of off-loading boiler piping from a flat bed truck using a Drott carry deck crane possessed, owned and maintained by Federal, and that the crane tipped over while in the process of said off-loading, causing the death of the decedent. The plaintiff asserts a claim for negligence in count one, recklessness in count two, and for a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 41-110a, et seq., in count three.
The defendants filed the present motion to strike the second and third counts of the complaint on December 11, 1995. The plaintiff filed an objection March 6, 1996. Pursuant to Practice Book § 155, each party has submitted an appropriate supporting memorandum of law.
DISCUSSION
"The only remedy by which to test the sufficiency of a cause of action or defense, whether stated in one pleading, count or defense, or in a paragraph or paragraphs thereof, is a [motion to strike]." Donovan v. Davis, 85 Conn. 394, 397-98, 82 A. 1025
(1912). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion . . . [Unspecified grounds can] not furnish a basis for [granting the motion].' Merideth v. Police Commission, 182 Conn. 138, 140-41,438 A.2d 27 (1980). "[A] trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." Liljedahal Bros.,Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). "[The court must construe] the facts alleged in the complaint in a CT Page 5116 light most favorable to the pleader." RK Constructors, Inc. v.Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994). "The sole inquiry is whether the . . . allegations, if proved, would state a [cause of action]." Doyle v. AP Realty, 36 Conn. Sup. 126,127, 414 A.2d 204 (1980).
The defendants in the present case assert that the plaintiffs claim of recklessness in count two is legally insufficient, because the plaintiff has merely replead the same facts upon which she relies to make out her claim of negligence in count one. "A plaintiff cannot transform a negligence count into a count for willful and wanton conduct merely by appending a string of adjectives to allegations that clearly sound in negligence . . . [T]he plaintiffs injection of words [like] intentionally and knowingly . . . fail to constitute additional factual allegations that would alter the nature of the conduct complained of." (Citations omitted; internal quotation marks omitted.) Brown v. Branford, 12 Conn. App. 106, 110, 529 A.2d 743
(1987).
The first count of the complaint sounds in negligence and alleges in paragraph eleven that the death of the decedent "was caused by the negligence and carelessness of the defendants . . . in one or more of the following ways . . . (m) The defendants removed the operator compartment prior to the incident, thereby creating an unreasonable risk of injury . . ." The second count of the complaint incorporates the first ten paragraphs from count one, then goes on to allege in paragraph eleven that "[t]he defendants, in reckless and wanton disregard of the decedent's safety, removed the safety cage and/or the operator's cab from the incident crane prior to the incident . . ." The second count then goes on to incorporate the last four paragraphs from count one as the last four paragraphs of count two. This is more than a reiteration of count one with an allegation of recklessness substituted for negligence. Further, the plaintiff cannot escape this determination by arguing that it has not incorporated every single one of the numerous other grounds of negligence asserted in count one into count two. Id. The fact of the matter is that the only ground asserted by the plaintiff to support her claim of recklessness is one of the same grounds upon which she relies to assert her claim of negligence. Id. Therefore, the second count is legally insufficient to set forth a claim for recklessness and must be stricken. Id.
The defendants also move to strike the third count of the CT Page 5117 plaintiff's complaint, which alleges a violation of CUTPA. The defendants maintain that the plaintiffs CUTPA claim is legally insufficient, because the action did not survive the death of the decedent, the act complained of was an isolated transaction and the alleged deceptive and unfair practice was not performed in the course of a trade or commerce.
For any or all of the reasons asserted above by the defendants, the third count of the plaintiff's complaint is legally insufficient. Therefore, the third count must be stricken.
"[A]t common law the right of action for an injury to the person is extinguished by the death of the party injured. Flynnv. New York, N.H. H.R. Co., 111 Conn. 196, 201, 149A.682,aff'd, 283 U.S. 53, 51 S.Ct. 357, 75 L.Ed. 873 (1930). This common law rule was eliminated by General Statutes § 52-599, which now allows the executor or administrator to pursue actions for personal injury on behalf of the decedent's estate. This statute, however, specifically states that "[t]he provisions of this statute shall not apply . . . to any civil action brought upon a penal statute." (Emphasis added.) General Statutes §52-599 (c)(3). In a recent case that involved a challenge to General Statutes § 42-110b of CUTPA under a claim of void for vagueness doctrine, the court stated that "[a]s a matter of the due process required by our federal and state constitutions, apenal statute must be sufficiently definite to enable a person to know what conduct he must avoid." (Emphasis added.) State v.Leary, 217 Conn. 404, 416, 587 A.2d 85 (1991); see also Touchettev. Smith, Superior Court, judicial district of New London, at New London, Docket No. 52 06 51, 10 CONN.L.RPTR. 173 (September 29, 1993) (Booth, J., 9 CSRC 39) (Leary decision implicitly determined CUTPA to be a penal statute). Therefore, the plaintiffs CUTPA action did not survive his death. General Statutes § 52-599 (c)(3).
The plaintiff's third count is also legally insufficient, because the act complained of was not "trade" or commerce." The Connecticut Unfair Trade Practices Act provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade orcommerce." (Emphasis added.) General Statutes § 42-110b(a). "`Trade' and `commerce' means the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or CT Page 5118 intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." General Statutes § 42-110a(4). The complaint in the present case alleges the removal of a safety cage from a crane the decedent was to operate. It is not alleged that the crane was sold, rented or otherwise distributed in an unfair or deceptive manner nor that the decedent himself was in any other way deceived. Therefore, not only has the plaintiff failed to allege any act conducted by the defendants while engaged in a "trade" or "commerce" as defined by CUTPA, she has also failed to allege any "unfair or deceptive acts or practices" as to the decedent himself.
Finally, even if the third count were not legally insufficient on the grounds stated above, the plaintiff has only alleged a single incident as the basis for her CUTPA claim. The split of authority within the courts of this state on the issue as to whether a single act may constitute a CUTPA violation does not require citation. This jurist, however, believes that the better reasoned opinions are those that agree that the Legislature's use of the plural' acts or practices in General Statutes § 42-110b, instead of the singular, has significance as to what may constitute a CUTPA violation. See, e.g.,Connecticut Airmotive v. Sanford Farms, Superior Court, judicial district of Hartford New Britain, at New Britain, Docket No. 45 09 87 (May 10, 1995) (Handy, J.) and Zettergren v. New BritainGeneral Hosp., Superior Court, judicial district of Hartford-New Britain, Docket No. 46 52 53 (June 30, 1995) (Stengel, J.) (both holding that CUTPA violation requires allegation or proof of general business practice). Therefore, the plaintiff's third count is also legally insufficient because it lacks any allegation that the defendant engaged in the complained of conduct as a general business practice. Connecticut Airmotive v.Sanford Arms, supra.
CONCLUSION
Based on the foregoing, the defendants' motion to strike the second and third counts of the plaintiff's complaint is granted.