Betty Parr RUSSELL, Individually and as Independent Executrix of the Estate of Donnon O'Neal Russell, Deceased, et al., Petitioners,

v.

INGERSOLL–RAND COMPANY, et al., Respondents.

No. D–0489.

Supreme Court of Texas.

Oct. 14, 1992.

Rehearing Overruled Dec. 9, 1992.

Michael Y. Saunders, John W. Tavormina, Carl D. Kulhanek, Jr., Richard P. Hogan, Jr., Helm, Pletcher, Hogan, Bowen & Saunders, Houston, for petitioners.

Max E. Roesch, Thomas B. Taylor, Taylor & Eggleston, Laurie B. Easter, Hutcheson & Grundy, Houston, Gordon R. Pate, Karen L. Spivey, Pate & Dodson, Beaumont, William S. Rhea, IV, Robert F. Maher, Maureen McPherson Spector, Crain, Caton & James, Houston, P. Michael Jung, Strasburger & Price, Dallas, Edward J. Mahar, Michael Phillips & Associates, Robert L. Adams, Willard M. Tinsley, Dunn, Kacal, Adams, Pappas & Law, Houston, for respondents.

OPINION

HECHT, Justice.

If an individual's action for personal injuries would have been barred by limitations

at the time of his death, are actions based upon the same wrongful conduct, brought by his heirs, legal representatives or estate under the Survival Statute, TEX.CIV.PRAC. & REM.CODE § 71.021, and by his beneficiaries under the Wrongful Death Statute, TEX. CIV.PRAC. & REM.CODE §§ 71.001–.011, also barred by limitations? Both the district court and the court of appeals answered this question affirmatively. 795 S.W.2d 243. We agree.

## I

In 1981, Donnon Russell was diagnosed as suffering from chronic obstructive pulmonary disease caused by exposure to silica during his employment for many years as a sandblaster and painter. In 1982, Russell filed suit to recover damages for his injuries. In amended pleadings, Russell named a total of 14 defendants who he alleged manufactured and distributed products containing silica that he had used in his work. In 1988, before the case could come to trial, Russell died. Five weeks later, Russell's widow and four children[1] filed an amended petition naming themselves as plaintiffs and claiming damages on behalf of Russell's estate and for his death. Plaintiffs also added seven defendants whom Russell had never sued himself, who are respondents in this Court.[2]

Respondents moved for summary judgment on the ground that plaintiffs' claims against them are barred by limitations. In their last amended petition in the trial court plaintiffs asserted claims based on strict liability, negligence, gross negligence, misrepresentation, and breach of warranty. Respondents argue that the causes of action against them accrued either in 1981 when Russell's condition was first diagnosed, or no later than 1982 when he filed suit. Had Russell sued respondents immediately before his death, his claims would have been barred by limitations.[3] Respondents contend that plaintiffs' actions are derivative of Russell's and are therefore likewise barred.

Plaintiffs argue that while their actions are in some sense derivative of Russell's, the sole statute of limitations applicable to their claims under the survival and wrongful death statutes is TEX.CIV.PRAC. & REM. CODE § 16.003(b), which states: "A person must bring suit not later than two years after the day the cause of action accrues in an action for injury resulting in death. The cause of action accrues on the death of the injured person." Based upon this statute, plaintiffs argue that they had two years from Russell's death to file their claims, even if Russell's own claims for the same injury would have been barred at the time he died.

The district court granted summary judgment for respondents and severed it from plaintiffs' claims against the defendants which Russell timely sued. The court of appeals affirmed. 795 S.W.2d 243.

## II

At common law, an individual's action for personal injuries did not survive his death. *Rose v. Doctors Hosp.*, 801 S.W.2d 841, 845 (Tex.1990); *Landers v. B.F. Goodrich Co.*, 369 S.W.2d 33, 35 (Tex. 1963). The Legislature has abrogated this rule by TEX.CIV.PRAC. & REM.CODE § 71.021, which states:

1. Russell's widow is Betty Parr Russell. His four children are Norma Lynn Coker, Gail Lee Harrah, Jeannie Marie Bourgoin and Dennis O'Neal Russell.

2. Respondents are Ingersoll–Rand Co., McKenzie Equipment Co., Schramm, Inc., Cooper Industries, Inc., Joy Manufacturing Co., IC Group Inc., and Sullair Corp.

3. The statutes of limitations applicable to these causes of actions are two or four years. TEX.CIV. PRAC. & REM.CODE §§ 16.003(a), 16.004; TEX.BUS. & COM.CODE § 2.725. Plaintiffs contend that fact issues remain as to when the causes of action

against respondents accrued, precluding summary judgment. More specifically, plaintiffs argue that the discovery rule operates to delay accrual of the causes of action against respondents until Russell could reasonably have determined that they were among the parties at fault. Generally, however, "limitations begin to run when the fact of injury is known", *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990), not when the alleged wrongdoers are identified. There is no question on the record before us that Russell's actions accrued no later than 1982, when he filed suit.

Survival of Cause of Action

(a) A cause of action for personal injury to the health, reputation, or person of an injured person does not abate because of the death of the injured person or because of the death of a person liable for the injury.

(b) A personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person. The action survives against the liable person and the person's legal representatives.

(c) The suit may be instituted and prosecuted as if the liable person were alive.

By this statute, a decedent's action survives his death and may be prosecuted in his behalf. The survival action, as it is sometimes called, is wholly derivative of the decedent's rights. The actionable wrong is that which the decedent suffered before his death. The damages recoverable are those which he himself sustained while he was alive and not any damages claimed independently by the survival action plaintiffs (except that funeral expenses may also be recovered if they were not awarded in a wrongful death action). *Landers*, 369 S.W.2d at 35. Any recovery obtained flows to those who would have received it had he obtained it immediately prior to his death—that is, his heirs, legal representatives and estate. *Id.* Defenses that could have been raised against a claim by the injured person may also be raised against the same claim asserted by the person's heirs and estate. *See Castleberry v. Goolsby Bldg. Corp.*, 617 S.W.2d 665 (Tex.1981).

It follows from these general principles that if a decedent's action would have been barred by limitations had it been asserted immediately prior to his death, a survival action based upon the same alleged wrong is likewise barred. If the decedent's action would not have been barred, the running of the limitations period is tolled by the decedent's death for up to one year. TEX.CIV.

PRAC. & REM.CODE § 16.062.[4] Had Russell sued respondents immediately prior to his death, alleging the same causes of action plaintiffs now assert in their survival action, those actions would have been barred by limitations. Accordingly, we hold that plaintiffs' survival action against respondents is likewise barred by limitations.

### III

■ Wrongful death actions are also derivative of the decedent's rights. Such actions are creatures of statute abrogating the common law rule that no cause of action may be brought for the death of another person. *Rose v. Doctors Hosp.*, 801 S.W.2d at 845; *Farmers & Mechanics' Nat'l Bank v. Hanks*, 104 Tex. 320, 137 S.W. 1120, 1122 (1911). As initially passed, our Wrongful Death Statute provided in part:

Sec. 1. [W]hensoever the death of any person may be caused by wrongful act, neglect, unskilfulness or default, and the act, neglect, unskilfulness or default is such as would (if death had not ensued) have entitled the party, injured, to maintain an action for such injury, then and in every such case the person who would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured....

.    .    .    .    .

Sec. 3. The action shall be brought within one year after the death of such deceased.

Act approved Feb. 2, 1860, 8th Leg., R.S., ch. 35, § 1, 1860 Tex.Gen.Laws 32, 4 H. GAMMEL, LAWS OF TEXAS 1394 (1898). Sections 1 and 3 were amended and separated in 1879. Section 1 was changed to read in part: "The wrongful act, negligence, carelessness, unskillfulness or default mentioned ... must be of such character as would, if death had not ensued, have entitled the party injured to maintain an action

---

4. "(a) The death of a person against whom or in whose favor there may be a cause of action suspends the running of an applicable statute of limitations for 12 months after the death.

"(b) If an executor or administrator of a decedent's estate qualifies before the expiration of the period provided by this section, the statute of limitations begins to run at the time of the qualification."

for such injury." Tex.Rev.Civ.Stat. art. 2900 (1879). Section 3 was moved from the wrongful death provisions to a general limitations provision which prescribed that certain actions be brought within one year, including: "Actions for injuries done to the person of another where death ensued from such injuries". Tex.Rev.Civ.Stat. art. 3202(4) (1879). The 1879 provision added: "the cause of action shall be considered as having accrued at the death of the party injured." *Id.* In 1897, the limitations period was changed from one to two years. Act approved Mar. 4, 1897, 25th Leg., R.S., ch. 14, 1897 Tex.Gen.Laws 12, 12; 10 H. GAMMEL, LAWS OF TEXAS 1066, 1066 (1898). The language establishing the cause of action remained in substantially the same form, becoming article 4672 of the Texas Revised Civil Statutes of 1925, and in 1985, section 71.003(a) of the Texas Civil Practice and Remedies Code, Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex.Gen. Laws 3242, 3296, which is in effect today. The two-year limitations period has also remained constant, and is now codified at Tex.Civ.Prac. & Rem.Code § 16.003(b).

Currently, the Wrongful Death Statute allows an action by a decedent's beneficiaries "only if the individual injured would have been entitled to bring an action for the injury if he had lived." TEX.CIV.PRAC. & REM.CODE § 71.003(a). As can be seen from the history of the statute recited above, this language is not a recent innovation but merely a recodification of language which has always been part of the Wrongful Death Statute.[5] From the earlier language, it could have been argued, and in fact was, that a wrong "such as would (if death had not ensued) have entitled the party, injured, to maintain an action for such injury then" meant only a wrong of an actionable *nature*, not one for which the injured party could actually have succeeded in recovering damages. In other words, the earlier language may be read to allow a decedent's beneficiaries to recover for a wrong which caused his death, even if he could not have recovered himself, as long as it was "such as would" have allowed action—that is, the *type* of wrong for which he could have recovered. We long ago rejected this argument that the statute did not condition allowance of a wrongful death action upon the decedent's right to maintain suit for his injuries immediately prior to his death. In *Magnolia Coca Cola Bottling Co. v. Jordan*, 124 Tex. 347, 78 S.W.2d 944, 945 (Tex.Com.App. 1935), we wrote that the statute:

> has not been construed literally as having reference only to the character of the wrongful or negligent act, but it has been construed and applied as meaning that the right of action given by the ... article exists only in cases wherein the injured person could himself have maintained an action for damages had he lived.

In [*Wilson v. Brown*, 154 S.W. 322, 326 (Tex.Civ.App. Austin 1912, writ ref'd)], the contention was made that the words "of such character" used in the statute should be construed as descriptive of the act or acts of the defendant in and of themselves and separate and apart from the surrounding circumstances. The court, in holding that such construction was not sound, said: "The authorities show that the reasonable and sound construction to be placed upon that article is that it was the intention of the Legislature to declare that, unless the deceased could, at the time of his death, have maintained an action for the injury, such right of action should not exist in favor of the beneficiaries mentioned in the statute.

In *Magnolia* we held that parents could not sue for the death of a child from prenatal injuries because the child could not have sued for such injuries had he lived. We later overruled this holding in *Leal v. C.C. Pitts Sand & Gravel, Inc.*, 419 S.W.2d 820, 822 (Tex.1967), recognizing for the first time that prenatal injuries were actionable. Even so, however, *Leal* reaffirmed the reading of the statute upon which *Magno-*

---

5. The Legislature expressly intended the last recodification to be without substantive change.

TEX.CIV.PRAC. & REM.CODE § 1.001.

*lia* was based, that "[a] right of action exists under the Wrongful Death Statute only where the injured party could have maintained an action for damages had death not ensued." *Id.* at 821.

We have never departed from this construction of our Wrongful Death Statute. We have consistently held that the right of statutory beneficiaries to maintain a wrongful death action is entirely derivative of the decedent's right to have sued for his own injuries immediately prior to his death, and is subject to the same defenses to which the decedent's action would have been subject. In short, wrongful death action plaintiffs stand in the legal shoes of the decedent. As we said in *Vassallo v. Nederl–Amerik Stoomv Maats Holland,* 162 Tex. 52, 344 S.W.2d 421, 424 (1961):

> It is our opinion that under the express provisions of the Wrongful Death Act, the plaintiff is permitted to assert any basis for recovery that the decedent could have asserted if he were alive, and no other; and that the defendant can assert any defense to that cause of action that it could have asserted if the decedent had survived, and no other. The statutory beneficiaries of a deceased ... have the same substantive rights to recover as the deceased would have had had his injury been less than death.

Accordingly, we have recognized that a wrongful death action is not allowed if the decedent could not, immediately prior to his death, have maintained an action because

of: governmental immunity, *Duhart v. State,* 610 S.W.2d 740, 742 (Tex.1980); interspousal immunity, *Bounds v. Caudle,* 560 S.W.2d 925, 926 (Tex.1977), *Wilson,* 154 S.W. at 326–327; a spouse's contributory negligence, *Schwing v. Bluebonnet Express, Inc.,* 489 S.W.2d 279, 280 (Tex.1973), *Dallas Ry. & Terminal Co. v. High,* 129 Tex. 219, 103 S.W.2d 735, 736 (1937); contributory negligence, *Vassallo,* 344 S.W.2d at 424; absence of a cause of action for prenatal injury, *Magnolia,* 78 S.W.2d at 945, *Leal,* 419 S.W.2d at 821; the Texas Guest Statute, *Bowman v. Puckett,* 188 S.W.2d 571, 572 (Tex.1945); contractual limitation of liability, *Sullivan–Sanford Lumber Co. v. Watson,* 106 Tex. 4, 155 S.W. 179, 180 (1913); release, *Thompson v. Ft. Worth & R.G. Ry. Co.,* 97 Tex. 590, 80 S.W. 990, 991 (1904); a fellow servant's negligence, *Texas & N.O.R. Co. v. Berry,* 67 Tex. 238, 5 S.W. 817, 818 (Tex.1887). Not all of these defenses remain viable, and thus the rule that a wrongful death claim is derivative of the decedent's rights would be applied differently in many of these situations today.[6] The rule itself, however, remains unassailed. For 132 years, since Texas first created an action for wrongful death, this Court has allowed the action only if the decedent could have maintained suit for his injuries immediately prior to his death. Our intermediate appellate courts have consistently followed this same rule, as have the federal courts constrained to apply Texas law.[7]

---

6. For example, *Bounds* abolished interspousal immunity and *Schwing* abandoned the rule that a person's negligence precluded recovery by the person's spouse.

7. *See, e.g., Slaughter v. Southern Talc Co.,* 949 F.2d 167, 173–74 (5th Cir.1991) (beneficiaries wrongful death action related back to filing of decedent's action); *Mayo v. Tri–Bell Indus., Inc.,* 787 F.2d 1007, 1009 (5th Cir.1986) (wrongful death recovery precluded by Texas comparative negligence statute because decedent's negligence greater than tortfeasor's, observing that "the Texas courts have, in an undeviating line, characterized the action on behalf of the decedent's family as a purely derivative one"); *Graffagnino v. Fibreboard Corp.,* 781 F.2d 1111, 1113 (5th Cir.1986) (per curiam), *on reh'g following* 776 F.2d 1307 (5th Cir.1985) (release by deceased and beneficiary barred subsequent suit by beneficiary, even where disease was not previously

diagnosed); *Delesma v. City of Dallas,* 770 F.2d 1334, 1338–39 (5th Cir.1985) (wrongful death action barred by res judicata), *aff'g* 588 F.Supp. 35, 36–37 (N.D.Tex.1984) (action barred by limitations); *Terry v. Tyler Pipe Indus.,* 645 F.Supp. 1194, 1196–98 (E.D.Tex.1986) (action barred by limitations); *Garza–Vale v. Kwiecien,* 796 S.W.2d 500, 502–04 (Tex.App.–San Antonio 1990, writ denied) (action barred by Texas Smoke Detectors Statute); *Maderazo v. Archem Co.,* 788 S.W.2d 395, 397 (Tex.App.–Houston [14th Dist.] 1990, no writ) (action against decedent's employer barred by Workers' Compensation Act); *Davenport v. Phillip Morris, Inc.,* 761 S.W.2d 70, 72 (Tex.App.—Houston [14th Dist.] 1988, no writ) (action barred by limitations); *Pastor v. Champs Restaurant, Inc.,* 750 S.W.2d 335, 336 (Tex.App.—Houston [14th Dist.] 1988, no writ) (decedent's negligence a defense); *Washam v. Hughes,* 638 S.W.2d 646, 648 (Tex.

Plaintiffs, however, argue that the defense of limitations is an exception to the rule that a wrongful death action is derivative. They base this argument on the second sentence of the statute of limitations for wrongful death actions, which states that "[t]he cause of action accrues on the death of the injured person." Tex.Civ. Prac. & Rem.Code § 16.003(b). Because a wrongful death action does not accrue until the death of the injured person, plaintiffs argue, even if the decedent's own cause of action is then barred, the wrongful death action is not.

We do not agree that section 16.003(b) must be read as an exception to section 71.003(a). Section 16.003(b) sets the time when a wrongful death action accrues, if it exists. It does not, however, provide that there is always an action to accrue. The Wrongful Death Statute allows an action by a decedent's beneficiaries "only if the individual injured would have been entitled to bring an action for the injury if he had lived." Tex.Civ.Prac. & Rem.Code § 71.-003(a). If a wrongful death action exists, it accrues, not when the decedent was injured, but at his death, and the limitations period on that action begins to run at death. But if a wrongful death action does not exist because the decedent could not maintain an action in his own right immediately prior to his death, for whatever reason, then no wrongful death action ever accrues. If a decedent's own cause of action were barred by governmental immunity, or statute, or release, or res judicata, or any other affirmative defense, there is no wrongful death action to accrue. Thus, if a decedent settles his own cause of action for his injuries and then dies, his statutory beneficiaries never have a wrongful death

cause of action. The action does not accrue at decedent's death, despite section 16.003(b), because decedent already settled his own cause of action. Similarly, if a decedent litigates his own cause of action to a final judgment and then dies, no wrongful death action accrues, despite section 16.003(b), because decedent would have been barred by res judicata from asserting any further claims for his injuries immediately prior to his death. Section 16.003(b) does not create a cause of action, or resurrect one that has expired with the decedent; it only defines the period within which statutory beneficiaries must sue if they have a claim. *See also Francis v. Herrin Transp. Co.*, 432 S.W.2d 710, 713 (Tex.1968) (wherein the Court stated in a related context: "If by ... law or statute the right to maintain the action and recover damages, although once given, no longer exists, our statute of limitation does not confer the right.")

Plaintiffs contend that sections 71.003(a) and 16.003(b) must be read in conjunction with one another. These sections, however, do not conflict with each other under our analysis. Sections 71.003(a) and 16.-003(b) must indeed be read together, but they can be so read without reaching a result inconsistent with the derivative nature of wrongful death actions. If a decedent may maintain suit for personal injuries at his death, his statutory beneficiaries may sue for wrongful death, their cause of action accrues at the decedent's death, and the limitations period begins to run against them from that point. Under section 16.-003(b), the time for suit never begins to run against statutory beneficiaries prior to decedent's death.[8] But if a decedent may not

App.—Austin 1982, writ ref'd n.r.e.) (action derivative); *Velasquez v. Levingston*, 598 S.W.2d 346, 349 (Tex.Civ.App.—Corpus Christi 1980, no writ) (recovery precluded by Texas comparative negligence statute because decedent's negligence greater than tortfeasor's); *Donsbach v. Offield*, 488 S.W.2d 494, 495 (Tex.Civ.App.—Austin 1972, no writ) (action barred by interspousal immunity); *Wentzel v. Neurenberg*, 314 S.W.2d 855, 860–61 (Tex.Civ.App.—Waco 1958, no writ) (action barred by contributory negligence of deceased's spouse); *Karling v. Lower Colo. River Auth.*, 303 S.W.2d 495, 498–99 (Tex.Civ.App.—Austin 1957, writ ref.d n.r.e.) (action barred by

governmental immunity); *Kelley v. City of Austin*, 268 S.W.2d 773, 775 (Tex.Civ.App.—Austin 1954, no writ) (action barred by governmental immunity); *Childs v. Childs*, 107 S.W.2d 703, 704 (Tex.Civ.App.—Beaumont 1937, no writ) (action barred by interspousal immunity).

8. We do not decide here whether, under other statutes, a limitations period may begin to run against wrongful death beneficiaries prior to decedent's death. *See Wilson v. Rudd*, 814 S.W.2d 818 (Tex.App.—Houston [14th Dist.] 1991, writ pending).

maintain suit because of some defense—release, res judicata, limitations, etc.—which may be properly interposed by defendants, there is no wrongful death action to accrue. The action is not barred by limitations before it accrues; it never accrues because the decedent could not maintain an action at his death.[9]

It is wrong to say, as one of the dissents does, that our decision penalizes the families of people who die lingering deaths. A person whose injuries result in death is entitled, while he is alive, to sue and recover damages from those liable for his injuries. The defendant against whom judgment is rendered is not required to respond again in damages to the family of the injured person after he dies. And the defendant who is exonerated of liability to the injured person is not required to defend against the same claims by the person's family following his death. The families of injured persons are not penalized in such circumstances. Neither are they penalized when they are precluded from suing because a decedent, in his lifetime, chose not to sue until his own claims were barred by limitations. We have not, as one of the dissent states, placed wrongful death beneficiaries in the impossible situation of being required to file suit before the death of which they complain. We hold only, in the words of section 71.003(a), that they are entitled to sue "only if the individual injured would have been entitled to bring an action for the injury if he had lived."

To adopt the plaintiffs' position in this case would greatly relax the statute of limitations for death cases. By their reading of section 16.003(b), statutory beneficiaries are allowed to sue within two years of a death, even if the action which allegedly caused the death occurred five, ten, twenty or more years earlier. This would thwart the very purpose of limitations, which is to require that actions be brought within a reasonable, prescribed period after a wrong occurs.

The dissents would find support for their contrary conclusion in their reading of two of our prior decisions, *DeHam v. Mexican Nat'l Ry. Co.*, 86 Tex. 68, 23 S.W. 381 (1893), and *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348 (Tex.1990). But these cases do not provide such support. In *De-Ham*, the decedent was injured in Mexico but died in Texas. Decedent's beneficiaries argued that because a wrongful death action does not accrue until the decedent's death, as provided by the precursor of section 16.003(b), their action arose under the law of Texas, where the decedent died. The Court rejected this contention:

> But this is merely a statute of limitation, and not a statute defining what shall constitute a cause of action. The reason of the provision is obvious. Since no action could be brought by the relatives of the injured person until death had ensued, and since a great length of time might elapse between the injury and the death, it was reasonable that the time of the death should be taken as the point from which limitation should begin to run. The article which gives an action in this class of cases reads: "An action for actual damages on account of injuries causing the death of any person may be brought in the following cases," etc.... Although the right of action does not accrue to the beneficiaries named in the statute unless death ensues, the wrong for which the action is allowed is the injury which causes the death.

23 S.W. at 381–382. In holding that no action arose under Texas law, the Court did not use the limitations statute to create an exception to the general rule that a wrongful death action is derivative of a decedent's rights. Rather, the Court went on to explain that if a person were injured by a fellow servant in a jurisdiction which barred recovery in such circumstances, his beneficiaries would not be entitled to recover, even if he died in a jurisdiction which did not bar recovery in such circumstances.

---

**9.** We do not, contrary to the dissents' charges, hold that limitations affects the substantive rights of the parties. It is a defense to an action which, like other defenses such as res judicata, collateral estoppel, and release, is waived if not interposed by the defendant in a wrongful death action.

Thus, the Court acknowledged the derivative nature of wrongful death actions.

In *Moreno*, two infants died of Reye's syndrome shortly after birth. Not until later did their parents learn that the children had been given aspirin, which might have contributed to the reaction resulting in their deaths. The parents did not bring their wrongful death actions until more than four years after the death of the children. Citing the language quoted from *DeHam* above, the parents argued that section 16.003(b) sets only the earliest date that a wrongful death action can accrue. We rejected this argument, observing that the statute "was meant solely to prevent the potential anomaly of limitations running *before* death. Its purpose was not to extend the beginning of the running of the statute *beyond* the date of death." 787 S.W.2d at 352. From this context, and from the fact that the injured persons were infants who died shortly after their injuries, the limitations to which we referred was that applicable to beneficiaries' actions. We did not address the situation in which a decedent's own action might be barred by limitations. If a decedent's action is not barred by limitations at the time of his death, section 16.003(b) does not preclude his beneficiaries from suing until two years have elapsed. The time that may have elapsed from injury to death is not subtracted from the two years under section 16.003(b).[10] This does not affect the general rule, however, that if the decedent's action is barred by limitations, no wrongful death action accrues.

To try to show that the defense of limitations is different from other defenses to wrongful death actions, the dissents rely on two commentators, who purport only to state the majority rule in American jurisdictions,[11] the Restatement (Second) of Torts, which conflicts with the first Restatement of Torts,[12] and a few cases.[13] But the more authoritative view, and probably the more prevalent, is that if a decedent's action would be barred by limitations, then so would a wrongful death action.[14] Construing a federal statute, the

10. We do not comment upon the effect of any statute other than section 16.003(b). *See* note 8, *supra*.

11. W. Page Keeton et. al., Prosser and Keeton on the Law of Torts § 127, at 957 (5th ed. 1984); William L. Prosser, The Law of Torts § 127, at 911 (4th ed. 1971); Leon Green, *The Texas Death Act*, 26 Tex.L.Rev. 461, 461, 463 (1948).

12. Restatement (Second) of Torts § 899 cmt. c, at 442 (1979) ("Under most wrongful death statutes, the cause of action is a new and independent one, accruing to the representative or to surviving relatives of the decedent only upon his death; and *since the cause of action does not come into existence until the death*, it is not barred by prior lapse of time, even though the decedent's own cause of action for the injuries resulting in death would be barred."); Restatement of Torts § 899 cmt. c, at 524–26 (1939) ("A cause of action for death is complete when death occurs; since, however, the decedent in his lifetime had a cause of action, the cause of action for death does not come into existence if before the death the action for the tortious conduct has been barred by the lapse of time.").

13. *Fisk v. United States,* 657 F.2d 167, 171 (7th Cir.1981) (applying federal law); *Western Union Tel. Co. v. Preston,* 254 F. 229, 234 (3rd Cir.1918) (applying Pennsylvania law), *cert. denied,* 248 U.S. 585, 39 S.Ct. 182, 63 L.Ed. 433 (1919); *Adams v. Armstrong World Indus., Inc.,* 596 F.Supp. 1407, 1414, 1415 (D.Idaho 1984) (listing

cases), *appealed sub. nom. Waters v. Armstrong World Indus., Inc.,* 773 F.2d 248 (9th Cir.1985) (certification to Idaho Supreme Court), *aff'd in part, rev'd in part,* 790 F.2d 893 (9th Cir.1986) (mem.) (decision after Idaho Court refused certified question), *after remand,* 664 F.Supp. 463 (D.Idaho 1987), *judgment on limitations vacated on other grounds* 847 F.2d 589 (9th Cir.1988); *Larcher v. Wanless,* 18 Cal.3d 646, 135 Cal.Rptr. 75, 80, 81, 557 P.2d 507, 513, 514 (1976); *N.O. Nelson Mfg. Corp. v. Dickson,* 114 Ind.App. 668, 53 N.E.2d 640, 641 (1944); *Farmers Bank & Trust Co. v. Rice,* 674 S.W.2d 510, 512 (Ky.1984); *Smith v. McComb Infirmary Ass'n,* 196 So.2d 91, 93 (Miss.1967); *Gramlich v. Travelers Ins. Co.,* 640 S.W.2d 180, 186 (Mo.Ct.App.1982); *Brosse v. Cumming,* 20 Ohio App.3d 260, 20 OBR 322, 485 N.E.2d 803, 807 (1984); *DeHart v. Ohio Fuel Gas Co.,* 84 Ohio App. 62, 39 O.O. 101, 85 N.E.2d 586, 590 (1948); see also *James v. Phoenix Gen. Hosp., Inc.,* 154 Ariz. 594, 744 P.2d 695, 704 (1987); *Carroll v. W.R. Grace & Co.,* 830 P.2d 1253 (Mont.1992); *Gilloon v. Humana, Inc.,* 100 Nev. 518, 687 P.2d 80, 81 (1984); *Hoover's Adm'x v. Chesapeake & Ohio Ry. Co.,* 46 W.Va. 268, 269, 33 S.E. 224, 225 (1899).

14. *Northington v. Carey–Canada, Inc.,* 432 So.2d 1231, 1232 (Ala.1983), citing *Ellis v. Black Diamond Mining Co.,* 268 Ala. 576, 109 So.2d 699, 702 (1959); *Matthews v. Travelers Indem. Ins. Co.,* 245 Ark. 247, 432 S.W.2d 485, 488 (1968) (action not barred at time of death), adopting

the holding in *Hicks v. Missouri Pac. R.R. Co.,* 181 F.Supp. 648 (W.D.Ark.1960); *Drake v. St. Francis Hosp.,* 560 A.2d 1059, 1060 (Del.1989), citing *Milford Memorial Hosp. Inc. v. Elliott,* 58 Del. 480, 210 A.2d 858, 860–61 (1965); *Lambert v. Village of Summit,* 104 Ill.App.3d 1034, 60 Ill.Dec. 778, 433 N.E.2d 1016 (1982) (*Lambert*'s argument was noted but not reached in *Wyness v. Armstrong World Indus.,* 131 Ill.2d 403, 137 Ill.Dec. 623, 546 N.E.2d 568, 573–74 (1989), holding that limitations was not triggered by the discovery, a few months before death, of lung cancer and its causation); *Mason v. Gerin Corp.,* 231 Kan. 718, 647 P.2d 1340, 1344–45 (1982); *Ogden v. Berry,* 572 A.2d 1082 (Me.1990); *Mills v. International Harvester Co.,* 554 F.Supp. 611, 613 (D.Md.1982); *Larson v. Johns–Manville Sales Corp.,* 427 Mich. 301, 399 N.W.2d 1, 7 (1986); *Regie de l' assurance Auto. du Quebec v. Jensen,* 399 N.W.2d 85 (Minn.1987), citing *Rugland v. Anderson,* 30 Minn. 386, 15 N.W. 676 (1883); *DeRogatis v. Mayo Clinic,* 390 N.W.2d 773 (Minn.1986) (statute providing that, with certain exceptions, wrongful death actions may be commenced within three years of death and within six years after act or omission); *Stang v. Hertz Corp.,* 81 N.M. 69, 463 P.2d 45, 54–55 (App.1969), aff'd, 81 N.M. 348, 467 P.2d 14 (1970); *Natseway v. Jojola,* 56 N.M. 793, 251 P.2d 274, 276 (1952); *Kelliher v. New York Cent. & H. R.R. Co.,* 212 N.Y. 207, 105 N.E. 824, 825–26 (1914); *Phelps v. Greco,* 177 A.D.2d 559, 576 N.Y.S.2d 158, 159 (N.Y.App. Div.1991); *Eldridge v. Eastmoreland Gen. Hosp.,* 307 Or. 500, 769 P.2d 775 (1989) (under 1967 statute, wrongful death actions are to be brought within three years of occurrence of the injury causing death; court, in holding that discovery rule was inapplicable, noted that legislators observed that action could be barred before death under revised statute); *Piukkula v. Pillsbury Astoria Flouring Mills Co.,* 150 Or. 304, 42 P.2d 921, 929–31 (1935) (Oregon Employers' Liability Act); *Howard v. Bell Tel. Co.,* 306 Pa. 518, 160 A. 613, 615 (1932), relied on in *Cowgill v. Raymark Indus., Inc.,* 780 F.2d 324, 331 (3rd Cir.1985); *Whaley v. Catlett,* 103 Tenn. 347, 53 S.W. 131, 133 (1899) (cause of action accrues at time of injury; injury and death simultaneous); *Craig v. R.R. Street & Co.,* 794 S.W.2d 351, 355 (Tenn.App.1990) (period began running when decedent's knowledge of causal connection between his illness and defendants' chemicals put him on inquiry of sources); *Street v. Consumers Mining Corp.,* 185 Va. 561, 39 S.E.2d 271, 277 (1946); *Miller v. United States,* 932 F.2d 301, 303 (4th Cir.1991) (applying Virginia law); *Calhoun v. Washington Veneer Co.,* 170 Wash. 152, 15 P.2d 943, 946 (1932); *Holifield v. Setco Indus., Inc.,* 42 Wis.2d 750, 168 N.W.2d 177 (1969) (cause of action accrued at time of accident, not at time of product's sale); *but see Fisk v. United States,* 657 F.2d 167, 171 (7th Cir.1981) (applying federal law); *Frongillo v. Grimmett,* 163 Ariz. 369, 788 P.2d 102 (App.1989) (review denied by Arizona Supreme Court), *citing James v. Phoenix Gen. Hosp., Inc.,* 154 Ariz. 594,

744 P.2d 695, 704 (1987); *Larcher v. Wanless,* 18 Cal.3d 646, 135 Cal.Rptr. 75, 557 P.2d 507, 511–13 (1976) (under the medical malpractice limitations statute, "injury" occurs at time of death; see discussion of wrongful death limitations); *Raushenberger v. Radetsky,* 745 P.2d 640 (Colo.1987) (noting that *Crownover v. Gleichman,* 194 Colo. 48, 574 P.2d 497, 498–99 (1977) was legislatively overruled by Act approved June 7, 1979, ch. 134 § 1, 1979 Colo.Sess.Laws 615); *Glover v. Savannah Fla. & W. R.R. Co.,* 107 Ga. 34, 32 S.E. 876 (1899), *cited in Clark v. Singer,* 250 Ga. 470, 298 S.E.2d 484, 485 (1983) (medical malpractice limitations period unconstitutional as applied to medical practice wrongful death case), *Western & Atlantic R.R. Co. v. Bass,* 104 Ga. 390, 30 S.E. 874 (1898); *Chapman v. Cardiac Pacemakers, Inc.,* 105 Idaho 785, 673 P.2d 385 (1983); *Louisville, Evansville & St. Louis R.R. Co. v. Clarke,* 152 U.S. 230, 14 S.Ct. 579, 38 L.Ed. 422 (1893) (applying Indiana statute) and *Wilson v. Jackson Hill Coal & Coke Co.,* 48 Ind.App. 150, 95 N.E. 589 (1911), *cited by In re Estate of Pickens,* 255 Ind. 119, 263 N.E.2d 151, 155 (1970) (interspousal immunity does not bar wrongful death action for father's killing on behalf of minor children); *Farmers Bank & Trust Co. v. Rice,* 674 S.W.2d 510, 512 (Ky.1984); *Smith v. McComb Infirmary Ass'n,* 196 So.2d 91, 93 (Miss.1967); *Gramlich v. Travelers Ins. Co.,* 640 S.W.2d 180, 186 (Mo.Ct.App.1982); *Carroll v. W.R. Grace & Co.,* 830 P.2d 1253 (Mont.1992); *Gilloon v. Humana, Inc.,* 100 Nev. 518, 687 P.2d 80, 81 (1984) (under the limitations period for health care claims, "injury" occurs at death); *Alfone v. Sarno,* 87 N.J. 99, 432 A.2d 857, 860–63 (1981) (wrongful death action did not require that availability of an action to decedent at his death, only a tortious, fatal injury; action not precluded by previous personal injury judgment for damages, although issue-preclusion principles applied to liability and damages that could have recovered in first suit); *Silverman v. Lathrop,* 168 N.J.Super. 333, 403 A.2d 18, 22–23 (Ct.App.Div.1979); *Brosse v. Cumming,* 20 Ohio App.3d 260, 20 OBR 322, 485 N.E.2d 803, 807 (1984); *Kimberly v. DeWitt,* 606 P.2d 612, 616 (Okla.App.1980), citing *Hugh Breeding, Inc. v. Daniel,* 373 P.2d 75, 76 (Okla.1962), *overruled in part on other grounds, Haws v. Luethje,* 503 P.2d 871, 875 (Okla.1972) (release); *Hoover's Adm'x v. Chesapeake & Ohio Ry. Co.,* 46 W.Va. 268, 33 S.E. 224, 225 (1899). *See generally* W.W. Allen, Annotation, *Limitation Applicable to Action for Personal Injury as Affecting Action for Death Resulting From Injury,* 167 A.L.R. 894 (1947); M.C. Dransfield, Annotation, *Time From Which Statute of Limitations Begins to Run Against Cause of Action for Wrongful Death,* 97 A.L.R.2d 1151 (1964); *Adams v. Armstrong World Indus.,* 596 F.Supp. 1407, 1414–15 (D.Idaho 1984) (cases cited), *appealed sub nom. Waters v. Armstrong World Indus., Inc.,* 773 F.2d 248 (9th Cir. 1985) (certification to Idaho Supreme Court), *aff'd in part, rev'd in part,* 790 F.2d 893 (9th Cir.1986) (mem.) (decision after Idaho court refused certified question), *after remand,* 664 F.Supp. 463, *judg-*

United States Supreme Court stated in *Michigan Central R.R. v. Vreeland*, 227 U.S. 59, 70, 33 S.Ct. 192, 196, 57 L.Ed. 417 (1913):

> [A]s the foundation of the right of action [for wrongful death] is the original wrongful injury to the decedent, it has been generally held that the new action is a right dependent upon the existence of a right in the decedent immediately before his death to have maintained an action for his wrongful injury.

Settled precedent of this Court and other courts in Texas, representing consistent statutory construction for more than a century, supports our conclusion that there should be no exception for limitations to the general rule providing that our statutory wrongful death claim is essentially derivative in nature. The weight of authority in other jurisdictions, unsurprisingly, reaches the same result. A single exception for limitations is logically inconsistent, in fact, with the principle underlying limitations—that actions should be timely asserted or not at all—since it would permit wrongful death beneficiaries to sue within two years of the death of their family member, regardless of how long before his death he may have been injured.

For all these reasons, we hold that the defense of limitations bars the wrongful death action against the respondents in this case as a matter of law.

\* \* \* \* \* \*

We therefore affirm the judgment of the court of appeals.

Concurring and dissenting opinion by DOGGETT, J., joined by MAUZY, J.

Concurring and dissenting opinion by GAMMAGE, J.

DOGGETT, Justice, concurring and dissenting

Henceforth any action for the death of a loved one can be barred before it accrues; a family's rights can be terminated before they can be exercised. That is the objec-

tive of another injustice committed by a majority that is not slowed in the slightest either by a statute that has been on the books since 1860 or its own recent writing to the contrary. Today a family is told that they should have filed an action for damages from the death of their husband and father *five years before he died.* Prophets and palm readers would have done them more good than an attorney.

The enactment at issue here is terse, clear and unqualified:

> A person must bring suit not later than two years after the day the cause of action accrues in an action for injury resulting in death. The cause of action accrues on the death of the injured person.

Tex.Civ.Prac. & Rem.Code § 16.003(b). If this statute means what it says, the family of a dead worker may have the merits of its claims considered by a jury of twelve Texans. To deny them that right, the majority must declare the applicable statute inapplicable, revising the law to provide that a death action must be brought not two years after death, as section 16.003(b) so clearly provides, but two years after injury.

The harm caused by this judicial stratagem will extend to not a few Texas families. In the real world, carcinogens and other toxic substances often produce a death that is creeping rather than one that neatly fits within the constraints of a two-year deadline. Millions of people suffer the demise of which Edna St. Vincent Millay so poignantly wrote in another context:

> And so beneath the weight lay I
>
> And suffered death, but could not die.[1]

Today's decision provides an abrupt answer to the families of those who linger—the parties responsible for such deaths will never be held accountable in any Texas court. Because the imposition of an impossible condition on the rights of families of those who do not die quickly is not sup-

---

*ment on limitations vacated on other grounds,* 847 F.2d 589 (9th Cir.1988).

1. Edna St. Vincent Millay, *Renascence,* in Collected Poems 3, 7 (N. Millay ed. 1956).

ported by statute and is directly counter to recent precedent of this court, I dissent.[2]

The facts here are simple. Donnon Russell died on January 28, 1988 from silicosis, a lung disease alleged to have developed as a result of his exposure to certain products during his 19 years as a sandblaster. On March 4, 1988, his widow and children filed suit under the Texas Wrongful Death Act. This action having been filed thirty-six days after Russell's death, it was without question timely filed according to the specific words of section 16.003(b).

The majority nonetheless concludes that Petitioners' wrongful death action is time-barred. To do so, it looks not to the statute of limitations which has been specifically applicable to death actions for more than a century.[3] Instead, the majority turns to a totally different statute and expands the limitations provision for personal injury to include death actions. Hence, Petitioners are now told they should have filed suit for death two years after Russell discovered he suffered from silicosis—*i.e., five years before Russell died.*

This court only recently stated that the statute of limitations applicable to death actions was designed to avoid this precise result:

In *DeHarn* [ ... 86 Tex. 68, 23 S.W. 381 (1893) ], this court interpreted the accrual

language in Tex.Rev.Civ.Stat. art. 3202 (1879), which was the statutory predecessor to section 16.003(b). The opinion describes the reason for Article 3202 as follows:

Since no action could be brought by the relatives of the injured person until death had ensued, and since a great deal of time might elapse between the injury and the death, it was reasonable that the time of death should be taken as the point from which limitation should begin to run.

*DeHarn,* 23 S.W. at 381–82. [Petitioner] construes this single passage as evidencing a legislative purpose to extend the beginning of the running of the statute beyond the date of death. But Article 3202 *was meant solely to prevent the potential anomaly of limitations running before death.*

*Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 352 (Tex.1990) (emphasis supplied). Both *DeHam* [4] and *Moreno* made clear that limitations runs from the date of death and not the date of injury. In *Moreno,* the court went so far as to label section 16.-003(b) an "absolute" statute of limitations, 787 S.W.2d at 354, meaning one "free from conditional limitation; ... free from qualification." Webster's New International Dictionary 6 (3d ed. 1966).

An action for wrongful death has been tied to the date of death since the passage in 1860 of the first death act in Texas and has survived in virtually identical form to this date. *See Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 359 n. 4 (Tex.1990) (Doggett, J., dissenting)(tracing history of statute of limitations applicable to death actions).

---

**2.** I concur in that part of the judgment upholding the dismissal of Petitioners' survival action as barred by the statute of limitations. Prior to the adoption of the survival statute, any cause of action accrued or pending was automatically extinguished by death. The purpose of the legislation was to permit an estate to continue to prosecute the decedent's claim. It is thus subject to all defenses that would defeat the decedent's recovery, including limitations. *Cf.* Tex. Civ.Prac. & Rem.Code § 16.062 (tolling limitations for specified time period after death). As discussed below, however, the wrongful death statute gave rise to a new and independent claim allowing recovery of damages not recoverable in a personal injury action.

**3.** Tex.Civ.Prac. & Rem.Code § 16.003(b) provides:

A person must bring suit not later than two years after the day the cause of action accrues in an action for injury resulting in death. The cause of action accrues on the death of the injured person.

**4.** This case is cited as *DeHam v. Mexican Nat'l Ry. Co.* in the Southwestern Reporter, but as *DeHarn v. Mexican Nat'l Ry. Co.* in the official Texas Reports. Although normally controlling, the latter source is incorrect. The original opinion, at the Lorenzo de Zavala Archives in Austin, is handwritten by Justice Gaines. The penmanship is at times difficult to interpret, and the separation of the first loop from the second and third in the letter "m" in the Petitioner's name was understandably transcribed by the reporter as "r n." A review of the full record of that decision leaves no doubt that the bereaved mother's name was Elizabeth DeHam and not DeHarn.

The majority glibly sidesteps this precedent, the reasoning of which was required to block the Morenos' suit but never intended to justify recovery by any other family. The limitations statute is now made "absolute for defendants only" by reference to that part of the death act limiting the grounds upon which suit may be predicated. Tex.Civ.Prac. & Rem.Code § 71.003(a). This provision originated as part of the first Wrongful Death Act passed in Texas in 1860, which provided:

> [W]hensoever the death of any person may be caused by wrongful act, neglect, unskillfulness or default, *and the act, neglect, unskillfulness or default is such as would (if death had not ensued) have entitled the party, injured, to maintain an action for such injury,* then and in every such case the person who would have been liable if death had not ensued, shall be liable to an action for damages....

Law of Feb. 2, 1860, ch. 35, 1860 Tex.Gen. Laws 32, 4 H. Gammel, Laws of Texas 1934 (1898) (emphasis supplied). It was revised by the Legislature in 1879:

> The wrongful act, negligence, carelessness and unskillfulness or default mentioned in the preceding article *must be of such character as would, if death had not ensued, have entitled the party injured to maintain an action for such injury.*

Tex.Rev.Civ.Stat. art. 2900 (1879) (emphasis added). While the death act was amended many times in the ensuing years,[5] this provision, although renumbered, remained unchanged until 1985. At that time

it was included as part of the new Civil Practice and Remedies Code,[6] "without substantive change." Tex.Civ.Prac. & Rem.Code § 1.001(a); Act of June 16, 1985, 69th Leg., R.S., ch. 959, § 10, 1985 Tex. Gen. Laws 3242, 3322 ("This Act is intended as a recodification only, and no substantive change is intended by the Act.").

This provision, based on its clear wording at the time of its initial adoption, limited death actions to those cases in which *the character of the injurious act* permitted suit for injury under existing law. Not all wrongful conduct was actionable at the time the death act was first passed and revised. For example, the "fellow servant" rule barred suit in many jurisdictions and, thus, fatal injury inflicted by a co-worker would not give rise to a death action against the employer. *Price v. Houston Direct Navigation Co.*, 46 Tex. 535, 537–38 (1877); *see also DeHam v. Mexican Nat'l Ry. Co.*, 86 Tex. 68, 70, 23 S.W. 381, 382 (1893). Contributory negligence on the part of the person injured also at one time barred suit in Texas. *McDonald v. International & Great N. Ry.*, 86 Tex. 1, 12–13, 22 S.W. 939, 944 (1893). Additionally, no cause of action was recognized for prenatal injuries to a child subsequently born alive, *Magnolia Coca Cola Bottling Co. v. Jordan*, 124 Tex. 347, 360, 78 S.W.2d 944, 950 (1935), nor for injuries to a woman whose husband's negligence was a contributing factor. *Dallas Ry. & Terminal Co. v. High*, 129 Tex. 219, 222, 103 S.W.2d 735, 736 (1937). All of these bars to recovery have been removed by statute or judicial decision; and, almost without exception,[7]

---

**5.** These amendments were largely necessitated by decisions of this court narrowly interpreting the death act despite legislative intent to the contrary. *See generally* Leon Green, *The Texas Death Act*, 26 Tex.L.Rev. 133 (1947).

**6.** Despite the statement of the legislature that the codification was made "without substantive change," the language of section 71.003(a) differs in many respects from its predecessor. The statute now reads:

> This subchapter applies only if the individual injured would have been entitled to bring an action for the injury if he had lived.

Tex.Civ.Prac. & Rem.Code § 71.003(a).

**7.** In *Thompson v. Fort Worth & Rio Grande Ry. Co.*, 97 Tex. 590, 80 S.W. 990 (1904), the court held that the deceased's execution of a release for his injuries barred a subsequent wrongful death action. This case was decided prior to recognition of a survival suit in Texas and was grounded expressly on the premise that the "right of action given to the injured person does not, in the event of his death, survive under our statutes, but an action by the dependent relatives named is substituted for that which was lost by death." 97 Tex. at 594; 80 S.W. at 992. The court in essence treated the death action as if it were a survival claim, and applied the "one recovery" rule. As discussed below, damages recoverable in a death action are now recog-

these cases involved situations in which the *character* of the wrongful act barred suit. Here there is no question that the character of the alleged wrongful act would give rise to a cause of action for Russell's injuries under existing law. The majority nonetheless interprets section 71.003(a) as requiring that death actions be subject to all defenses which might have been urged against the personal injury action at the time of the death.

The majority dwells on the allegedly "consistent interpretation" of of this irrelevant provision because this court has never previously had need to construe the unequivocal wording of the applicable statute, . section 16.003. No justification has or can be provided as to how the interpretation of one provision dictates an· unconscionable reading that deliberately misconstrues another.[8]

In adopting the Wrongful Death Act, the Legislature crafted a unique limitations statute. The time for filing suit is not determined by the date of the wrongful conduct or the date of injury—rather limitations begins to run at death without regard to when the injury occurred. This court has, until today, accepted the statute as written. See *DeHam*, 23 S.W. at 381–82 (although "a great deal of time might elapse between the injury and death ... death [is] the point from which limitation should begin to run").

A federal court, grappling with this same problem, refused to bar a death claim under the Federal Tort Claims Act even though the statute of limitations on the underlying injury action had expired. A holding to the contrary, the appeals court concluded, would promote inequity and supplant lawyers with fortunetellers:

> To hold that a claim for wrongful death somehow accrues before the date of death would place the class protected by the statute in the legally untenable position of speculating about hypothetical or potential future injuries, for the damages awarded survivors under the wrongful death act, which include funeral and burial expenses, are not identical with those available in a personal injury action to the one actually injured, and remain indeterminate until death has occurred. Clearly no such claim would ever be justiciable even were an astucious plaintiff to lodge such a clairvoyant complaint, for courts simply cannot protect rights against "assumed potential invasions" ... until they are presented with an actual case or controversy.

*Fisk v. United States*, 657 F.2d 167, 171 (7th Cir.1981) (citations omitted).[9]

There is a split of authority in other jurisdictions as to whether death actions are barred when the statute of limitations has passed as to the underlying personal injury claim. *See Adams v. Armstrong World Indus., Inc.*, 596 F.Supp. 1407, 1414,

---

nized by this court as differing from those in an injury action. Similar considerations apply to the court's decision in *Sullivan–Sanford Lumber Co. v. Watson*, 106 Tex. 4, 155 S.W. 179 (1913), in which a family was denied recovery because of the release of liability contained in the pass permitting the deceased to ride on a private carrier.

**8.** The majority relies on *Francis v. Herrin Transp. Co.* 432 S.W.2d 710, 713 (Tex.1968), as vaguely supportive of today's statutory cross-pollination. That case, however, considered whether an action could be brought in Texas when the death and injury had occurred in Louisiana, and the limitations provision for death actions expressly contained in that state's statutes would bar suit. This court was not presented with the question of whether limitations applicable to injury actions could preclude a subsequent wrongful death suit.

**9.** *Accord Western Union Tel. Co. v. Preston*, 254 F. 229, 234 (3rd Cir.1918) (applying Pennsylvania law), *cert. denied*, 248 U.S. 585, 39 S.Ct. 182, 63 L.Ed. 433 (1919); *Larcher v. Wanless*, 18 Cal.3d 646, 135 Cal.Rptr. 75, 81, 82, 557 P.2d 507, 513, 514 (1976); *N.O. Nelson Mfg. Corp. v. Dickson*, 114 Ind.App. 668, 53 N.E.2d 640, 641 (1944); *Farmers Bank & Trust Co. v. Rice*, 674 S.W.2d 510, 512 (Ky.1984); *Smith v. McComb Infirmary Ass'n*, 196 So.2d 91, 93 (Miss.1967); *Gramlich v. Travelers Ins. Co.*, 640 S.W.2d 180, 186 (Mo.Ct.App.1982); *DeHart v. Ohio Fuel Gas Co.*, 84 Ohio App. 62, 85 N.E.2d 586, 590 (1948); *Brosse v. Cumming*, 20 Ohio App.3d 260, 485 N.E.2d 803, 807 (1984); *see also James v. Phoenix General Hosp., Inc.*, 154 Ariz. 594, 603, 744 P.2d 695, 704 (1989); *Carroll v. W.R. Grace & Co.*, 252 Mont. 485, 830 P.2d 1253 (1992); *Gilloon v. Humana, Inc.*, 100 Nev. 518, 687 P.2d 80 (1984); *Hoover's Administratrix v. Chesapeake &*

1415 (D.Idaho 1984) (listing cases), *appealed sub. nom. Waters v. Armstrong World Indus., Inc.,* 773 F.2d 248 (9th Cir.1985) (certifying question to Idaho Supreme Court), *aff'd in part, rev'd in part* 790 F.2d 893 (9th Cir.1986) (mem.) (decision after certified question refused). The decisions, though, are dependent upon the wording of the applicable state death act provision. *See* Annot., 167 A.L.R. 894, 895–96 (1947) ("The problem here is manifestly one of statutory construction."). The Restatement concludes that, in most states, a death action is not barred by the passage of limitations as to the decedent's personal injury claim:

> Under most wrongful death statutes, the cause of action is a new and independent one, accruing to the representative or to surviving relatives of the decedent only upon his death; and since the cause of action does not come into existence until the death, it is not barred by prior lapse of time, even though the decedent's own cause of action for the injuries resulting in death would be barred.

Restatement (Second) of Torts § 899 comment c, at 442 (1965). *See also* William L. Prosser, Prosser and Keeton on the Law of Torts § 127 at 957 (W. Page Keeton, ed. 5th ed. 1984) ("[T]he considerable majority of the courts have held that the statute [of limitations] runs against the death action only from the date of death, even though at that time the decedent's own action would have been barred while he was living.").[10]

Several preeminent commentators in the field of tort law would draw a distinction between defenses that go to the merits or existence of a cause of action, and procedural objections such as limitations.[11] An expert on the Texas Wrongful Death Act,

Dean Leon Green,[12] urged differing treatment of these two classes of defenses:

> [T]his interposition of the personal injury defenses is maintainable as to contributory negligence, assumption of the risk, fellow servant rule and other defenses which constitute a limitation on a cause of action. But it is not maintainable as to ... statute of limitations and such other defenses as expressly recognize that the deceased did have a cause of action which he either has, or could have, successfully maintained. The statute does not say that he must have had a cause of action at the moment of his death.... These defenses give implicit recognition to the injured person's cause of action and they should operate against it alone. Their force is fully spent before the death action arises.

Leon Green, *The Texas Death Act,* 26 Tex. L.Rev. 461, 461, 463 (1948).[13] Similarly, reviewing death acts nationwide, Dean Prosser concluded:

> It is not at all clear, however, that such provisions of the death acts ever were intended to prevent recovery where the deceased once had a cause of action, but it has terminated before his death. The more reasonable interpretation would seem to be that they are directed at the necessity of some original tort on the part of the defendant, under circumstances giving rise to liability in the first instance, rather than to subsequent changes in the situation affecting only the interest of the decedent.

W. Prosser, The Law of Torts § 127 at 911 (4th ed. 1971). These views comport with the express language of the Texas statute.

*Ohio Railway Co.,* 46 W.Va. 268, 33 S.E. 224 (1899).

**10.** Taking the contrary view, that "probably the more prevalent" authority would bar such an action, the majority fails to compare the statutory language construed in the cited cases with that of the Texas Death Act. 841 S.W.2d at 350 n. 14.

**11.** In Texas, limitations is viewed as a procedural as opposed to a substantive condition restricting the right to bring an action for death. *Franco v. Allstate Ins. Co.,* 505 S.W.2d 789, 792–93 (Tex.1974).

**12.** Dean Green's extensive two-part analysis of the Texas Death Act was recently relied upon by the court in *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 356 n. 8 (1990).

**13.** One purpose of Dean Green's article was to urge reversal of decisions of this court barring suit by the statutory beneficiaries of a woman whose husband's negligence contributed to the injuries resulting in her death. This recommendation was adopted, although belatedly. *See Schwing v. Bluebonnet Express,* 489 S.W.2d 279, 281 (Tex.1973).

Moreover, the distinction between substantive and procedural defenses better fits within the bounds of statutory construction. First, this distinction properly recognizes the "object sought to be obtained" in enacting wrongful death legislation. Tex. Gov't Code § 311.023(1). The purpose of the death act was recently identified by the court as " 'provid[ing] a remedy for injuries resulting in death.' " *Moreno*, 787 S.W.2d at 356 n. 8 (quoting Leon Green, *The Texas Death Act*, 26 Tex.L.Rev. 133, 136 (1947)). The majority's interpretation today is inconsistent with this objective, as it deprives Petitioners of a remedy for Russell's death. Second, our previous decisions advise that the "wrongful death statute is remedial in nature and must be liberally construed...." *Witty v. American General Capital Distributors, Inc.*, 727 S.W.2d 503, 504 (Tex.1987). In construing section 71.-003(a), the remedial purpose of the statute is thwarted in cases of lingering illness followed by death. Third, "a just and reasonable result is intended." Tex. Gov't Code § 311.021(3). It is both unreasonable and unjust to conclude that a wrongful death suit is barred before the date on which the action accrues. Fourth, the construction imposed by the majority creates a conflict between section 71.003(a) and section 16.003(b). It must be remembered that these provisions were enacted as a part of the original wrongful death act and were intended to be construed together.[14] Law of Feb. 2, 1860, ch. 35, 1860 Tex.Gen. Laws 32, 4 H. Gammel, Laws of Texas 1934 (1898). A specific statutory provision is ordinarily controlling over a more general one. Hence, the explicit provision as to limitations should preclude the implication of a more restrictive time period for filing suit by interpreting a more general provision. Fifth, differentiating between substantive and procedural defenses is consistent with the nature of a wrongful death action. A majority of this court concluded in *Moreno* that no action for death existed at common law,[15] and the death statute created a new cause of action. 787 S.W.2d at 356. The recovery permitted is not for the injury to the deceased, but for harm inflicted upon the survivors by destruction of the "familial relationship." *See Sanchez v. Schindler*, 651 S.W.2d 249, 251 (Tex.1983). Different damages may be recovered in each; statutory beneficiaries may recover their own pecuniary losses, mental anguish and loss of companionship and society suffered *as a result of the death*, as well as funeral expenses. These damages are not recoverable in a personal injury action filed by the deceased. A death action is thus separate and distinct from the injury action and should be made subject to its own separate and distinct statute of limitations. This court, consistent with rules of construction discussed above, and the better-reasoned cases from other jurisdictions, could and should interpret our state death act to allow Petitioners' suit.[16]

The majority today forms a triptych of tragedy denying to bereaved families compensation for their loss. First those suffering from the death of a family member are instructed to file suit within two years after death, even if the cause of death cannot with diligence be discovered in that time

---

**14.** The majority suggests that the two provisions do not pose a conflict under the circumstances of this case because the Petitioners' wrongful death action never accrued since Russell's personal injury action was barred by limitations at the time of his death. 841 S.W.2d at 348. Yet this analysis fails to resolve what would have happened if the defendants had not pleaded limitations. In essence, limitations are used in this case to bar substantive rights, contrary to our prior writings. *City of Dallas v. Etheridge*, 253 S.W.2d 640, 643 (Tex.1953) ("[S]tatutes of limitations do not affect the substantive rights of parties; they merely bar the remedy by which one party seeks to enforce his substantive rights.").

**15.** There undoubtedly is a common law action for death which the majority's continued irrational refusal to recognize is antithetical to Texas families. *See Moreno*, 787 S.W.2d at 358, 364, 367 (Doggett, J., dissenting) (majority's opinion on this subject "can rightly be recorded as one of the most anti-family decisions in recent memory.").

**16.** Instead, to avoid "thwart[ing] the very purpose of limitations," 841 S.W.2d at 349, both the rather plain language of the limitations provision is overridden and these many principles of statutory construction ignored.

period. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348 (Tex.1990). Next they are told that, if medical malpractice causes merely injury, the denial of full compensation rises to the level of a constitutional violation, but if the medical error is fatal, damages can be limited to whatever the legislature might permit. *Rose v. Doctors Hosp.*, 801 S.W.2d 841 (Tex.1990). These grief-stricken relatives are now burdened with the impossible task of filing an action for wrongful death before death has occurred. This continued deprivation of the rights of bereaved families is inconsistent with the purpose and language of the wrongful death statute.

The action for wrongful death, created by the Texas Legislature, has been taken away from the families of those who linger in death. The majority has mandated that death be swift, or reckoning for wrongful conduct will not be made in the Texas courts. Families, after the slow and often painful illness and death of a loved one, are left with nothing:

> The Bustle in a House
>
> The Morning after Death
>
> Is solemnest of industries
>
> Enacted upon Earth—
>
> The Sweeping up the Heart
>
> And putting Love away
>
> We shall not want to use again
>
> Until Eternity.[17]

MAUZY, J., joins in this concurring and dissenting opinion.

GAMMAGE, Justice, concurring and dissenting.

I agree that the Russells' cause of action under the Survival Statute, TEX.CIV.PRAC. & REM.CODE § 71.021, is barred by limitations, but I do not believe their claim under the Wrongful Death Statute, TEX.CIV.PRAC. & REM.CODE § 71.001–.011, is likewise

barred. Consequently, I join in Parts I and II of the majority opinion, but I dissent in part from the judgment and remainder of the majority opinion.

The majority maintains that no beneficiary can sue under the Wrongful Death Statute unless the decedent had, at the time of death, a right to sue for his or her own injuries. The majority reasons, because Donnon Russell's suit for injuries against the seven respondents in this cause was barred by limitations when he died, the subsequent action by his widow and children for his wrongful death as a result of those injuries is barred as well. The majority concedes this result is not mandated by the literal terms of the Wrongful Death Statute, but argues it based on judicial interpretation of the statute as applied to other situations. This Court has never before addressed the precise question whether the limitations defense is sufficiently analogous to other defenses that it should receive the same treatment.

The limitations defense should be treated differently from other defenses for three reasons: the text of the governing statutes, the peculiar nature of the limitations defense, and conformity with the law in other jurisdictions. Each of these considerations suggests distinct treatment for limitations, and combined they compel the conclusion that the beneficiaries' action in this cause is not time-barred.

The statute governing limitations in wrongful death actions provides as follows:

> A person must bring suit not later than two years after the day a cause of action accrues in an action for injury resulting in death. The cause of action accrues on the death of the injured person.

TEX.CIV.PRAC. & REM.CODE § 16.003(b). I agree with the majority that a limitations statute, in and of itself, cannot create a right of action. *See Francis v. Herrin Transp. Co.*, 432 S.W.2d 710, 712–13 (Tex. 1968)[1]; *De Ham v. Mexican National Ry.*

---

17. Emily Dickinson, *The Bustle in the House, The Complete Poems of Emily Dickinson* (T.H. Johnson 1960).

1. In *Francis* the injury and death occurred in Louisiana, and the limitations provision for death actions under Louisiana law barred suit. This court held the Texas limitations statute

*Co.*, 86 Tex. 68, 70, 23 S.W. 381, 381 (1893). It can, however, provide evidence of legislative intent. A wrongful death action, by definition, cannot exist until a person dies. As we noted in *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 352 (Tex.1990), the last sentence of section 16.003(b) "was meant solely to prevent the potential anomaly of limitations running before death." No statutory language casts doubt on any other potential defense to a wrongful death action. Construing the section 16.003(b) limitations provision (that the wrongful death "cause of action accrues on the death of the injured person) together with the provision in the Wrongful Death Statute permitting actions "only if the individual injured would have been entitled to bring an action for the injury if he had lived," TEX.CIV.PRAC. & REM.CODE § 71.003(a), it is apparent the legislature intended the express limitations language to control. Damages for wrongful death are different from those recoverable for the underlying tort that caused the death. The parties entitled to bring the action are different. When the legislature provided that the Wrongful Death Action "accrues on the death of the injured person," it acknowledged those differences with respect to the limitations defense. The legislature intended to exclude limitations from the class of defenses that prevent one from being "entitled" to bring the action, because the parties entitled to bring the action and the recoverable elements of damage are different.

Limitations is unlike other defenses that may be asserted against the decedent's cause of action. The limitations defense does not challenge the merits of the decedent's underlying cause of action, as do contributory negligence, interspousal immunity, governmental immunity, the fellow servant rule, the Guest Statute, or any other defenses (whether currently existing or not) that we historically have recognized as a bar. Limitations denies a right to recovery, but does not extinguish substantive rights. *See, e.g., City of Dallas v. Etheridge*, 152 Tex. 9, 14, 253 S.W.2d 640, 643 (1953) ("statutes of limitation do not

affect the substantive rights of parties; they merely bar the remedy by which one party seeks to enforce his substantive rights").

This reasoning was applied to the expiration of a decedent's personal injury limitations period in *Hoover's Administratrix v. Chesapeake & Ohio Railway Co.*, 46 W.Va. 268, 33 S.E. 224, 224 (1899):

It is claimed that, the injured having lost his right to sue by reason of the bar of the statute of limitations at the time of this death, the cause of action is thereby destroyed, both as to himself and his administratrix; that death must find him with a cause of action legally enforceable, or she has none. This is undoubtedly true where the cause of action never existed, or is defeated by contributory negligence, or it has been compromised or released; for in such cases there is a complete want of, or destruction by, satisfaction of the cause, not merely of the right of action or remedy.... Generally speaking, however, the statute of limitations acts on the remedy, and takes away the right of action, and while it prevents relief, it does not destroy the cause of action, or the moral obligation on the negligent party to make good the injury caused by his default or neglect.... In personal actions for injury the bar of the statute precludes the remedy, but it does not satisfy the wrong.

Moreover, the defense of limitations does not, like some other defenses, involve the danger of double compensation. At least theoretically, a release, settlement, or judgment provides compensation or the opportunity to be heard on a claim for compensation for the decedent; not so when a claim is barred by limitations. *See* WILLIAM L. PROSSER & W. PAGE KEETON, PROSSER AND KEETON ON THE LAW OF TORTS § 127 at 957 (5th ed. 1984).

Finally, permitting the Russell beneficiaries to bring this action would accord with the result, if not the exact rationale, in most other jurisdictions. Prosser writes that "the considerable majority of the

could not create a cause of action that under     choice of law rules did not exist.

courts have held that the statute runs against the death action only from the date of death, even though at that time the decedent's own action would have been barred while he was living." *Id.* Other treatises merely note there is a division of authority.[2] The American Law Institute recognizes Prosser's statement as the majority rule in the RESTATEMENT (SECOND) OF TORTS,[3] and other scholarly commentators urge it as the better rule.[4] The rule is followed in a number of jurisdictions with statutes based on Lord Campbell's Act. *See Western & Atlantic Railroad Co. v. Bass,* 104 Ga. 390, 30 S.E. 874 (1898); *In re Estate of Pickens,* 255 Ind. 119, 263 N.E.2d 151 (1970); *Farmer's Bank & Trust Co. v. Rice,* 674 S.W.2d 510 (Ky.1984); *Gramlich v. Traveller's Ins. Co.,* 640 S.W.2d 180 (Mo. App.1982); *Nestelle v. Northern Pacific Railroad Co.,* 56 F. 261, 262 (C.C.D.Wash 1893); *Hoover's Administratrix v. Chesapeake & Ohio Ry. Co.,* 46 W.Va. 268, 33 S.E. 224 (1899); *see generally Louisville, Evansville & St. Louis RR. Co. v. Clarke,* 152 U.S. 230, 14 S.Ct. 579, 38 L.Ed. 422 (1893) (interpreting an Indiana statute).[5]

Wrongful death actions should be permitted within two years of the decedent's death, whether or not the decedent's own action for his or her injuries would have been time barred on the date of death. I would affirm in part the judgment of the court of appeals but reverse with regard to the wrongful death action and remand the cause to the trial court for further proceed-

ings on that portion of the claim by Russell's widow and children.

---

**2.** *See, e.g.,* STUART M. SPEISER, 2 RECOVERY FOR WRONGFUL DEATH § 11:17 at 193–94 (2d ed. 1975); 22A AM.JUR.2d *Death,* § 62 at 174–75 (1988).

**3.** "Under most wrongful death statutes, the cause of action is a new and independent one, accruing to the representative or to surviving relatives of the decedent only upon his death; and since the cause of action does not come into existence until the death, it is not barred by prior lapse of time, even though the decedent's own cause of action for the injuries resulting in death would be barred." RESTATEMENT (SECOND) OF TORTS § 899 cmt. c, at 442 (1965). *But see* RESTATEMENT OF TORTS § 899 cmt. c, at 525 (1939) ("A cause of action for death is complete when death occurs; since, however, the decedent in his lifetime had a cause of action, the cause of

action for death does not come into existence if before the death that action for the tortious conduct has been barred by lapse of time.")

**4.** *See, e.g.,* Leon Green, *The Texas Death Act,* 26 TEXAS L.REV. 133, 461–62 (1947).

**5.** Courts in some states also reach this result by holding their wrongful death statutes are not derivative. *See James v. Phoenix General Hospital, Inc.,* 154 Ariz. 594, 603, 744 P.2d 695, 704 (1989); *Gramlich v. Traveller's Ins. Co.,* 640 S.W.2d 180 (Mo.App.1982); *Silverman v. Lathrop,* 168 N.J.Super. 333, 403 A.2d 18 (App.Div. 1979) (citing *Lawlor v. Cloverleaf Memorial Park, Inc.,* 56 N.J. 326, 266 A.2d 569 (1968)); *Brosse v. Cumming,* 20 Ohio App.3d 260, 485 N.E.2d 803 (1984).