**Opinion issued August 31, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00493-CV

————————————

### JEFFERSON COUNTY, TEXAS, Appellant

### V.

### ELLARENE FARRIS, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE HEIRS AND ESTATE OF JAMES FARRIS, Appellee

On Appeal from the 11th District Court
Harris County, Texas
Trial Court Case No. 2005-09580

## O P I N I O N

This wrongful death and survival action has been brought by Ellarene Farris, the widow of Judge James Farris. She alleges that her late husband was exposed to asbestos in the Jefferson County courthouse and annex, and he subsequently died

from mesothelioma. One of the many defendants involved in this suit is Jefferson County, sued in its capacities as premises owner and employer, which brought this interlocutory appeal from the denial of its plea to the jurisdiction.

In addition to numerous arguments first raised in the trial court, the County raised an additional jurisdictional argument for the first time on appeal: its governmental immunity has not been waived because it did not receive notice of the claim against it within six months of "the day that the incident giving rise to the claim occurred," as required by the Texas Tort Claims Act. TEX. CIV. PRAC. & REM. CODE § 101.101(a); *see also* TEX. GOV'T CODE § 311.034 ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."). The County contends the notice was due within six months of Judge Farris's last exposure to the courthouse in December 1996.

Mrs. Farris does not dispute that the County did not receive notice before July 1997. Instead, she contends that she had no claim, and thus no notice was required, until after Judge Farris's death on November 5, 2004. She thus contends that her written notice delivered on April 4, 2005 satisfied the statute.

We agree with Jefferson County. The Tort Claims Act specifies that the event triggering the notice requirement is "the incident giving rise to the claim." TEX. CIV. PRAC. & REM. CODE § 101.101(a); *see also City of San Antonio v.*

*Tenorio*, 543 S.W.3d 772, 775–76 (Tex. 2018). The wrongful-death claim only could be pursued if Judge Farris himself "would have been entitled to bring an action for the injury" if he had lived. TEX. CIV. PRAC. & REM. CODE § 71.003(a). As such, to the extent Jefferson County was immune from suit immediately prior to Judge Farris's death in 2004 from any claim based on his exposure to asbestos prior to 1997 due to his failure to give notice of a claim, it was likewise immune from any wrongful-death claim by Mrs. Farris. *See Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 348 (Tex. 1992). Similarly, the survival action is derivative of Judge Farris's rights and also is barred by immunity to the extent a claim would have been barred if brought by him. *See id.* at 345.

Comparing this case to *University of Texas Southwestern Medical Center at Dallas v. Loutzenhiser*, 140 S.W.3d 351 (Tex. 2004), Mrs. Farris suggests that no claim existed prior to her husband's death. In *Loutzenhiser*, the Supreme Court of Texas held that with respect to an infant's personal-injury claim for negligent prenatal medical treatment, the negligent treatment of the child in utero was not an "incident giving rise to the claim" sufficient to trigger the six-month deadline to give notice to the defendant governmental unit. 140 S.W.3d at 356–57. The result in *Loutzenhiser* depended on the "longstanding common law rule" that the rights of a fetus to pursue his own cause of action are "contingent on live birth." *Id.* at 356. As such, the live birth of the child claimant in *Loutzenhiser* was itself an "incident

3

giving rise to his claim, and one essential to the existence of the claim," such that the six-month notice period began not with the negligent prentatal treatment, but upon the child's birth. *Id*. at 357.

Mrs. Farris contends that the death of Judge Farris was an incident necessary to her wrongful-death claim, just as the birth of the child was an incident necessary to the child's negligence claim in *Loutzenhiser*. This would be a persuasive argument if Mrs. Farris had a viable claim upon Judge Farris's death, but not before that tragic event. However, the logic of *Loutzenhiser* does not compel a result favorable to Mrs. Farris because her claims after Judge Farris's death are derivative of his claims before his death, and her claims are subject to the defenses that would have been applicable before his death. Thus Mrs. Farris is correct that Judge Farris's death was an incident necessary to the existence of her wrongful-death claim, if she had one. *Cf. Loutzenhizer*, 140 S.W.3d at 356. But because Judge Farris's own personal-injury claim against Jefferson County was barred by his failure to give the notice required by the Tort Claims Act, TEX. CIV. PRAC. & REM. CODE § 101.101(a), Mrs. Farris's wrongful-death claim, which was derivative of Judge Farris's claim, was likewise barred. *See id.* § 71.003(a).

Mrs. Farris's response does not suggest any substantive repleading or potential fact dispute that might alter the foregoing analysis. We therefore render

4

judgment dismissing her claims against Jefferson County. *See id.* § 101.101(a); TEX. GOV'T CODE § 311.034.


                                                  Michael Massengale
                                                  Justice

Panel consists of Justices Jennings, Massengale, and Caughey.

Justice Jennings, dissenting.